MICHAEL GIENTY, Appellant, *v.* KNIGHTS OF COLUMBUS, Respondent.

Insurance (life) — when holder of certificate of fraternal life insurance society is not bound by by-law of society relating to "extra hazardous" occupations.

An action brought to recover the amount of a life insurance certificate issued by a fraternal insurance society cannot be defeated upon the ground that the insured, after taking out his certificate, engaged in an occupation classified as extra hazardous by a by-law of the association, although such

by-law was adopted and promulgated before the certificate was issued, where there is no evidence that the insured had actual knowledge of such by-law or that anything was ever done at the time, or after, he obtained the certificate which could constructively charge him with knowledge that such occupation was regarded as extra hazardous, and it further appears that the list of occupations "deemed extra hazardous or *prima facie* extra hazardous by the board of directors," printed upon the back of the application for insurance, signed by the insured and referred to in such application, did not contain or mention the occupation in question. When the insured agreed in his application to respect the regulations of the society with reference to occupations, and the society at the same time specifically declared to him what occupations were deemed by it of the forbidden character, his application and engagements must be deemed to have been made with reference to the information thus given to him.

*Gienty* v. *Knights of Columbus*, 126 App. Div. 934, reversed.

(Argued May 18, 1910; decided June 7, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 14, 1908, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Bright* and *Thomas Watts* for appellant. Gienty had a perfect right to rely upon the statement in his application that the occupations there specified were the only occupations which had been held to be extra hazardous. (*Mauch* v. *Supreme Tribe*, 100 App. Div. 49; *Beach* v. *Supreme Tent*, 177 N. Y. 100; *Ayres* v. *Order of United Workmen*, 188 N. Y. 280.) Defendant cannot properly contend that it had no power to make the contract. (*Weiler* v. *Equitable Aid Union*, 92 Hun, 277, 280; *Tramblay* v. *Supreme Council*, 90 App. Div. 39, 40; *Vought* v. *Eastern Building & Loan Assn.*, 172 N. Y. 508, 518.) There can be no claim that Gienty had notice of the fact that switchman was admitted an extra-hazardous occupation. There is no proof that he was ever given any notice, and before the

defendant could change the contract which it had made with Gienty it was bound to give such notice. (*Smith* v. *Supreme Council*, 94 App. Div. 357; *T. & G. Trust* v. *Tod*, 180 N. Y. 215; *Morehouse* v. *B. H. R. R. Co.*, 185 N. Y. 520; *Lyon* v. *Hersey*, 103 N. Y. 264.)

*William P. Gregg* for respondent. Peter E. Gienty was not in good standing at the time of his death. (*McCoy* v. *Roman Catholic, etc., Society*, 152 Mass. 272; *Karnher* v. *Supreme Lodge*, 137 Mass. 368; *Chamberlain* v. *Lincoln*, 129 Mass. 70; *Lyon* v. *Supreme Assembly*, 153 Mass. 83; *Nagel* v. *Glasburger*, 10 N. Y. Supp. 503.)

HISCOCK, J. The defendant is a fraternal insurance order, and issued an endowment or insurance certificate to one Peter Gienty for the sum of one thousand dollars, payable to a designated beneficiary on death of the insured in good standing. The beneficiary as well as the holder of the certificate having died, this action was brought by the plaintiff as heir at law of the latter.

The sole defense is that all rights under the certificate had become forfeited because the holder had engaged in what was known as an extra hazardous occupation, in violation of his obligations under the certificate.

This certificate was issued on a formal written application, and concededly the insured agreed to abide by the constitution and by-laws, rules and regulations of the defendant, whereby the latter did have the right to class occupations as extra hazardous, and concededly the insured, after taking out his certificate, had entered one of the occupations so classed without the consent of the defendant. Under many circumstances this would have resulted in a violation of his obligations and a forfeiture of his certificate, but under the special circumstances found in this case I think that this result should not and did not follow.

The defendant, before the insured applied for and received his certificate, had adopted a by-law or regulation making the

occupation of switchman, in which the insured engaged after taking out his certificate, extra hazardous. While it is found that this determination was duly promulgated, this finding must be presumed to relate to a time prior to Gienty's membership, and there is no evidence that he had actual knowledge of it or that anything was ever done at the time or after he obtained his certificate which could constructively charge him with knowledge that switching was regarded as an extra hazardous occupation. This being so, the form of the application which was furnished by the defendant for use by him in securing his certificate becomes important. This form of application having blanks for many statements and promises to be made by the applicant and one or more of which referred to occupations " deemed extra hazardous or *prima facie* extra hazardous by the board of directors," contained immediately under the space wherein was to be signed the name of the applicant and his witness, the statement " See other side for hazardous risks." On the other side of the application so referred to was a clause entitled in conspicuous type " Occupations held to be extra hazardous," and setting forth a list of such occupations. This list, to which the applicant's attention was thus specifically and pointedly called, did not contain or enumerate the occupation of switchman, and this being so and there being no finding that the insured had either actual or constructive knowledge that such occupation was extra hazardous, I think that the defendant ought not to be allowed now to insist that it was such and thus defeat rights acquired under the certificate issued by it. If the defendant's board of directors had declared this occupation extra hazardous after the insured became a member of the order and duly given notice of its decision, the insured doubtless would have been bound by constructive notice and knowledge. If after he joined the order he had received actual notice of the determination made before he joined and had violated it, it may be assumed that he would have been charged with the consequences of his violation. But neither of these conditions having prevailed and the defendant having furnished to him

at the time he made his application and obtained his certificate a list of occupations which were then deemed extra hazardous, it should be bound thereby and not allowed to enlarge that list and work a forfeiture of rights under the certificate by bringing in and taking advantage of some other classification in no way brought to the notice or knowledge of the insured.   When the latter agreed in his application to respect the regulations of the respondent with reference to occupation, and the respondent at the same time specifically declared to him what occupations were considered by it to be of the forbidden character, his application and engagements must be deemed to have been made with reference to the information thus given to him.

It is somewhat argued by respondent that if this view prevails the directors will have succeeded in issuing a certificate in violation of the constitution and by-laws of the defendant because they did not cause to be printed on the application as extra hazardous an occupation which had been duly declared to be such, and that the directors will not be permitted to accomplish such a result.   It is too well established to require discussion and extended re-statement of the rule that a defendant, at least in such a case as this, may not take advantage of the efforts of its officials in procuring business and at the same time repudiate the methods by which they accomplish the purpose.

The judgment should be reversed and a new trial granted, costs to abide event.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment reversed, etc.