GIENTY v. KNIGHTS OF COLUMBUS.

(Supreme Court, Appellate Division, Second Department, October 27, 1911.)

1. TRIAL (§ 141*)—JURY QUESTION—UNCONTRADICTED EVIDENCE.
    Though uncontradicted, evidence as to a conversation between a decedent and an officer of the association was properly left to the jury in an action against a mutual benefit association on a certificate; that being the only evidence on the question.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 336; Dec. Dig. § 141.*]

2. INSURANCE (§ 819*)—MUTUAL BENEFIT INSURANCE—ACTIONS—SUFFICIENCY OF EVIDENCE.
    Evidence, in an action on a mutual benefit certificate, *held* to sustain a finding that insured had no knowledge of the change in the list of forbidden occupations by including therein that of railroad switchman.

    [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 819.*]

3. INSURANCE (§ 776*)—MUTUAL BENEFIT INSURANCE—BENEFICIARY.
    Where the constitution of a mutual benefit association provided that the designation by the board of directors of the beneficiary, where the one designated in the certificate is dead, and the member designated no other, should not conflict with the provisions of the charter as to the beneficiary, the charter provision that in case of the death of insured without a wife or issue the certificate should be payable to insured's heirs at law would control over any other designation of the board of directors, entitling the father of a deceased member dying without wife or children to. the proceeds of the certificate.

    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1942; Dec. Dig. § 776.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. APPEAL AND ERROR (§ 1039*)—HARMLESS ERROR—DEFECTS IN PLEADINGS.

Where, under the charter of a mutual benefit association, the father of the insured was the only person entitled to recover as beneficiary, being entitled to recover as heir at law, any failure of the father, in an action on the certificate, to file an amended complaint alleging his right to recover as heir at law, after he had erroneously alleged his right to recover as the beneficiary named in the policy, and defendant had answered, setting up the true name of such beneficiary, then dead, instead of alleging by way of reply, as he did, that he was the only person entitled to recover, was merely technical error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4075–4088; Dec. Dig. § 1039.*]

Appeal from Trial Term, Orange County.

Action by Michael Gienty against the Knights of Columbus. From a judgment for plaintiff and an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

William P. Gregg, for appellant.
John Bright, for respondent.

CARR, J. The plaintiff has recovered a judgment for $1,000, interest and costs, upon a death benefit certificate issued by the defendant on the life of his son, Peter Gienty. The judgment was entered upon the verdict of a jury, on the second trial of the action. On the first trial, without a jury, judgment was given in favor of the defendant on the merits. 55 Misc. Rep. 98, 105 N. Y. Supp. 244. This judgment was affirmed by this court (126 App. Div. 934, 110 N. Y. Supp. 1129), but it was reversed by the Court of Appeals with an opinion (199 N. Y. 103, 92 N. E. 111).

The undisputed facts are as follows: Peter Gienty made an application in writing for membership in one of the defendant's subordinate councils, in which he agreed to forfeit his membership should he thereafter enter upon any occupation deemed extrahazardous by the board of directors of the defendant's supreme council. The application blank had printed upon it an enumeration of certain occupations then deemed extrahazardous. Gienty did not then follow any of these specified occupations. Between the time Gienty made his application and the issuance of the benefit certificate, a new list of extrahazardous occupations was made, and this list included that of a "switchman." Thereafter Gienty became a "switchman," and while at work was killed in a railroad accident.

On the first trial, it was held that Gienty by entering into a forbidden occupation had forfeited his membership. The Court of Appeals held, however, that the defendant could not escape liability unless it appeared that Gienty had knowledge of the change in the list of forbidden occupations by the inclusion of that of "switchman." This question of knowledge upon the part of Gienty was the only disputed fact for decision by the jury on the second trial. The defense sought

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to establish such knowledge on the part of Gienty chiefly by the testimony of a witness Herbison.

[1] This testimony was uncontradicted; but, as it related to a conversation between a decedent and an officer of the defendant, it was properly left to the jury as a question of fact. The conversation, as this witness testified, consisted of his telling Gienty, two weeks before the death of the latter, that the occupation of a switchman was forbidden and forfeited membership in the Knights of Columbus. He says he urged Gienty to make a change, and that the latter agreed to do so. There were no other witnesses to this conversation. There was further testimony offered to show that the new list of extrahazardous occupations was announced to the various subordinate councils, and new application blanks were printed and issued, bearing the new list of forbidden occupations. That Gienty ever saw the new list or heard of its enumeration is not shown directly except in a general way by the testimony of Herbison. This testimony is so brief that I do not quote from it. That the jury was entitled to pass upon the question of Gienty's knowledge, under the particular circumstances of the case, I think is clear.

[2] So do I think that the record is not such as to justify any interference by this court with the finding of the jury on this point.

The next point to which the appellant devotes considerable attention arise upon the pleadings. This action has been at issue six years, twice tried, once in the Court of Appeals, and this question of pleading has been ignored by the defense until the second trial. It arises in this way: The plaintiff sued as beneficiary designated in the membership certificate. He was mistaken in this claim, for the designated beneficiary was his wife, the mother of the member, who had died before the member. The defendant answered, setting up the true name of the designated beneficiary. The plaintiff, instead of serving an amended complaint, served a reply, in which he alleged the death of his wife before that of the son, and likewise alleged that he was the only person entitled to benefit under the son's membership certificate. The defendant retained this reply, and the plaintiff claims that it should be considered as an amplification of the complaint. There can be no substantial question of the plaintiff being the sole person entitled to recover on this membership certificate. There was no existing designated beneficiary at the time of the son's death. He died without wife or issue. He left a father and some brothers and sisters. His father, however, was his only "heir at law" or next of kin. The charter of the defendant provided that under such circumstances the money should go to the member's "heir at law," which in this case was the father alone. The defendant claims, however, that under sections 38 and 78 of its constitution its board of directors has the sole power of designating the recipient of the benefit where a designated beneficiary has died and the member has made no other designation. But both of these provisions of the constitution expressly declare that such designation shall not be in conflict with the charter of the corporation.

[3] As the father was the only "heir at law" of the deceased member, the charter gave him an absolute right to the benefit, in the ab-

sence of an existing designation of beneficiary made by the member.

[4] Hence no designation could be made by the board of directors which could change this charter right. Under these circumstances, all the discussion in the appellant's brief as to the form of the pleadings is merely technical.

The judgment and order must be affirmed, with costs. All concur.