# CHARLESTON.

C. F. STEWART v. L. S. WORKMAN, ADM'R., ETC., *et als.*

Submitted February 25, 1920.     Decided March 2, 1920.

1. DEED—*Equity Will Not Cancel Deed for Breach of Condition Subsequent.*

   Equity will not entertain a suit by the grantor to cancel his deed, granting land upon a condition subsequent, because of a breach thereof. (p. 698).

2. SAME—*Breach of Conditions Does Not Revest Title in Grantor, but Some Positive Act is Necessary to Do So.*

   The mere breach of any or all the conditons upon which an estate has been granted does not revest title in the grantor, for he may waive his right to declare a forfeiture. Some positive action is necessary to effect a forfeiture and revest the title. (p. 698).

3. SAME—*Ejectment is Grantor's Remedy for Breach of Conditions Where He is Not in Possession.*

   The grantor's remedy for a breach of conditions, if he is not in possession of the land, is an action of ejectment, by virtue of section 16, chapter 93 of the Code. (p. 698).

4. QUIETING TITLE—*Remedy Proper to Cancel Deed by Grantee on Conditions Which Have Been Broken, if Plaintiff is in Possession.*

Where the grantee of land upon a condition has conveyed it to others, and there has been a breach of the condition, the original grantor may maintain a suit in equity to cancel such subsequent conveyances as clouds upon his title, provided he is in possession; and a bill to remove cloud, which fails to allege possession in the plaintiff, is bad on demurrer.   (p. 699).

5. DEEDS—*Conditions May be Annexed to Any Estate.*

Conditions may be annexed to estates of any duration, whether for years, for life or in fee.   (p. 699).

6. SAME—*Reserved Right to Revoke Voluntary Deed to Son if He Should Become a Drunkard, etc. is Valid.*

A reservation in a voluntary conveyance of land by a father to his son, of a right to revoke the deed, if his son should become a drunkard, or cruel or abusive to his father or mother, or uselessly involved in debt, violates no principle of public policy and is valid; and on a breach of any of the conditions the grantor may terminate the estate.   (p. 698).

7. SAME—*Holder of Conditional Estate Can Pass No Better Title Than He Has.*

The holder of a conditional estate can pass no better title to his grantee than he himself had.   (p. 699).

Appeal from Circuit Court, Wyoming County.

Bill by C. F. Stewart against Joe Perry Stewart, revived after his death in the name of L. S. Workman, administrator, and others.   Decree in favor of defendants, First National Bank and Esther Stewart, and plaintiff appeals.

*Reversed and remanded.*

*Toler & Moran,* for appellant.

*F. E. Shannon* and *E. W. Worrell,* for appellees.

WILLIAMS, PRESIDENT:

C. F. Stewart conveyed to his son, Joe Perry Stewart, in consideration of $1.00 and love and affection, two tracts of land in Wyoming County, containing 40 acres and 86 acres, respectively.   The deed contained the following conditions and reservations, namely:

"And the parties of the first part C. F. Stewart hereby re-

serves the right to revoke this conveyance during his life time for the following reasons, to-wit:

"That should the party of the second part become a drunkard or uselessly involved in debt or if he should become cruel or abusive to his mother or father the parties of the first part hereto; and

"The said party of the first part C. F. Stewart, reserves the right to sell all or a part of the mineral underlying said land during his lifetime if he desires to do so; and

"That should said party of the second part die without issue the above conveyance shall revert back to C. F. Stewart, his father, if he is then living and if not then it shall revert back to Fred N. Stewart and K. A. Stewart, his half brother, if they survive him, the said party of the second part; and

"The said parties of the first part do hereby covenant to and with the said party of the second part that they will warrant generally the title to the property hereby conveyed to the said party of the second part with all its appurtenances thereunto attached."

This deed was dated 28th of May and recorded 3rd of June, 1915. Thereafter, on the 28th of December, 1917, Joe Perry Stewart, his wife joining in the deed, conveyed the land to F. E. Shannon, trustee, to secure J. M. Glenn as indorser of certain notes payable at the First National Bank of Pineville and also to secure the payment of said notes, which were therein described and aggregated $725.00. This trust deed was recorded on the 3rd of January, 1918. After executing this trust deed, he and wife executed another deed conveying the 40 acre tract to Georgia Stewart Glenn, the consideration recited being $700.00; and on the 25th of March, 1918, he conveyed both of the aforesaid tracts to George R. Stewart, the deed reciting a cash consideration of $3000.00.

At May rules, 1918, C. F. Stewart filed his bill, praying for a cancellation and annulment of all of the aforesaid deeds, charging that his son had become an habitual and confirmed user of intoxicating drinks; had become abusive to both his father and his mother, had been guilty of cruel and inhuman treatment toward them; and had become needlessly and uselessly involved in debt to an amount exceeding $2000.00. Joe Perry

Stewart, Esther Stewart, his wife, then an infant, George R. Stewart and Goldie Stewart, his wife, Georgia Stewart Glenn and J. M. Glenn, her husband, The First National Bank of Pineville, F. E. Shannon, trustee, and Wyoming County Bank were made parties defendant. J. M. and Georgia Stewart Glenn demurred to the bill, and the First National Bank of Pineville and F. E. Shannon, trustee, answered, denying the allegations that Joe Perry Stewart had become a drunkard or was guilty of cruelty toward his father and mother or that he had become needlessly involved in debt. Depositions were taken on behalf of the plaintiff and also on behalf of the defendants who had answered.

Pending the suit the defendant, Joe Perry Stewart, died and plaintiff filed a bill of revivor against his widow and L. S. Workman, who was appointed and had qualified as his administrator. His widow being an infant, answered both the original bill and the bill of revivor by guardian ad litem, the answer to the former being only formal. But her answer to the latter was in the nature of a cross-bill. In it she denies the averment in the bill of revivor that her husband had died without issue, and alleges that she gave birth to a child six days after the death of her husband, which lived about one hour and died; that the condition on which the estate granted to her husband was to revert to the grantor, or in case of his death to her husband's half brother never happened; that on the birth of her child alive it inherited the estate from its father, and on its death she, being its only heir-at-law, became vested with the title to the estate.

The cause was heard on the 14th of June, 1919, on the pleadings and proof taken on behalf of the respective parties, and a final decree was entered, holding that plaintiff was not entitled to relief and dismissing his original bill and bill of revivor. The demurrer was thus in effect overruled.

Plaintiff could not maintain his bill to cancel the conveyance to his son because his remedy at law was adequate and because equity will not enforce penalties and forfeitures. For these reasons the case is not reviewable upon its merits.

The grantor had a right to prescribe the conditions on which he could revoke the title to the land. A grantor may reserve in his deed the power to revoke the grant, and such reservation is not contrary to public policy, because the deed itself gives notice

to creditors of and purchasers from the grantee, of the power of revocation and hence it cannot be attacked on the ground that it enables the parties to defeat the rights of creditors.    2 Devlin on Deeds (3rd Ed.) p. 1589; *Nichols* v. *Emery,* 109 Cal. 323; *Ricketts* v. *Louisville, St. L. & T. R. Co.,* 91 Ky. 221. 11 L. R. A. 422; *Bramhall* v. *Ferris,* 14 N. Y. 41, 67 Am Dec. 413.

Conditions may be annexed to estates of every quality or interest, whether fee, freehold or term of years.    2 Minor's Inst. (2d Ed.) p. 235.    The grantee was vested with a conditional estate in fee only, subject to be defeated by the grantor upon the happening of the conditions.    The reservations were made for the benefit of the grantor and he had a right to waive them, but by bringing his suit he has manifested his purpose to insist upon the forfeiture.    2 Warvelle on Vendors, sec. 810. But he has brought his suit in the wrong forum.    If plaintiff was not in possession at the time he brought his suit his remedy was by an action of ejectment.    Section 16, ch. 93, Code; *Martin* v. *Ohio River R'd. Co.,* 37 W. Va. 349; and *Guffy* v. *Hukill,* 34 W. Va. 49.    The deed itself provides that the title shall revert to the grantor, if living, in case his son should die without issue, but the birth of his child, alive, within six days after his death may have been a fulfillment of that condition, a matter we need not determine, as in no event would it prevent the grantor from enforcing the forfeiture for a breach of any of the other conditions, in respect to which there is no express reverter or gift over provided in the deed.    A breach of any of those conditions did not, *ipso facto,* reinvest the estate in the grantor.    1 Warvelle on Vendors, sec. 446; *Kenner* v. *American Contract Co.,* 72 Ky. 202; *Guild* v. *Richards,* 82 Mass. 309; *Osgood* v. *Abbott,* 58 Me. 73; and *Ruch* v. *Rock Island,* 97 U. S. 693.    At common law his remedy was by re-entry, whereupon he became reinvested with his original estate.    1 Warvelle on Vendors, sec. 446; and 2 Minor's Inst. p. 237.

It necessarily follows from the nature of the estate that the grantee could pass no better title to another than he himself had, and if plaintiff was in possession when he filed his bill he would be entitled to maintain his suit for the purpose of removing the three subsequent deeds made by his son, as constituting clouds upon his title.    But the bill does not allege that he is in posses-

sion, and this averment is essential to the maintenance of such a suit. *Grass* v. *Beard,* 73 W. Va. 309; *Custer* v. *Hall,* 71 W. Va. 119; *Iguano L'd and Mining Co.* v. *Jones,* 65 W. Va. 59; and *Moore* v. *McNutt,* 41 W. Va. 695. The demurrer to the bill should, therefore, and for this reason but not for the reasons assigned in the demurrer, have been sustained and plaintiff given leave to amend, and if he did not amend, his bill should have been dismissed without prejudice to his right to mantain an action at law to recover the possession.

The decree will therefore be reversed and the cause remanded with leave to plaintiff to amend his bill.

*Reversed and remanded.*