11118.  Independent Order of Puritans *v.* Cadden.

Broyles, C. J.  1. Where a party relies on the law of another State as furnishing the basis for a right of recovery or defense different from what it would be under the laws of this State, or the common law, the law of the foreign State should be pleaded and proved.  *Southern Express Co.* v. *Hanaw,* 134 *Ga.* 445 (7), 458 (67 S. E. 944,, 137 Am. St. R. 227).

2. While the general rule is that where a policy is issued by a mutual insurance or benefit insurance society, the insured becomes a member of the society, and must take notice of and be bound by its by-laws although they are not recited in the policy or expressly made a part thereof, yet where the terms of the policy are in conflict with a by-law of the society, it having power under its charter to issue such a policy, the society must be deemed to have waived the provisions of the by-law in favor of the insured, and the policy will control the rights of the parties.  Gienty *v.* Knights of Columbus, 199 N. Y. 103 (92 N. E. 111, 20 Ann. Cas. 928); McCoy *v.* Northwestern Mutual Relief Association, 92 Wis. 577 (66 N. W. 697, 47 L. R. A. 681)'; Davidson *v.* Old People's Mutual Benefit Society, 39 Minn. 303 (39 N. W. 803); Morrison *v.* Wisconsin Odd Fellows Mutual Life Ins. Co., 59 Wis. 162 (18 N. W. 13); Union Mutual Fire Ins. Co. *v.* Keyser, 32 N. H. 313 (64 Am. D. 375); Fitzgerald *v.* Equitable Reserve Fund Life Association, 3 N. Y. Supp. 214; Failey *v.* Fee, 83 Md. 83 (34 Atl. 839, 32 L. R. A. 311, 55 Am. St. R. 326); Hale *v.* Equitable Aid Union, 168 Penn. 377 (31 Atl. 1066).

(a) In passing upon such a conflict the courts, in determining the rights of the parties, will adopt the provision that will give the greater right to the insured and his beneficiary.  Supreme Tent etc. *v.* Volkert, 25 Ind. App. 627 (57 N. E. 203).

3. Under the above rulings and the facts of the instant case, the judge, sitting without a jury, properly resolved the conflict between the certificate of membership issued by the society and its by-laws in favor of the former, and did not err in rendering judgment for the plaintiff for the full amount of the policy and interest thereon.

*Judgment affirmed.  Luke and Bloodworth, JJ., concur.*

Decided March 3, 1920.

Action on insurance policy; from Fulton superior court — Judge Pendleton.  September 29, 1919.

*Douglas & Douglas,* for plaintiff in error.
*Little, Powell, Smith & Goldstein,* contra.