## 30089. NORMAN *v.* SOVEREIGN CAMP WOODMEN OF THE WORLD.

FELTON, J. 1. Where a party seeks to rely on the law of another State as furnishing the basis for a right of recovery different from what it would be under the laws of this State, or the common law, the law of such foreign State should be pleaded and proved. *Southern Express Co.* v. *Hanaw,* 134 *Ga.* 445 (7) (67 S. E. 944, 137 Am. St. R. 227); *Craig* v. *Craig,* 53 *Ga. App.* 632 (186 S. E. 755); *Reliance Realty Co.* v. *Mitchell,* 41 *Ga. App.* 124 (152 S. E. 295); *Independent Order of Puritans* v. *Cadden,* 25 *Ga. App.* 27 (102 S. E. 454).

2. Where an action on an insurance policy issued in South Carolina was brought in Georgia, such policy providing that the by-laws of force at the time of the issuance of the policy or later enacted become part of the policy, and where a by-law was enacted to the effect that no suit should be brought thereon unless brought within one year of the date of the death of the insured, a South Carolina statute to the effect that suits on like policies could be brought within six years will not be given effect in this State, where the record shows that such statute was neither pleaded nor proved, but it will be presumed that the law of South Carolina is the same as that of Georgia. *Southern Express Co.* v. *Hanaw,* supra.

3. A limitation in the policy that suit thereon would be barred after the expiration of one year from the death of the insured is valid and a condition precedent to right of action on the policy. *Maxwell* v. *Liverpool &c. Insurance Co.,* 12 *Ga. App.* 127 (76 S. E. 1036); *Gallivitoch* v. *Provident Life & Accident Insurance Co.,* 26 *Ga. App.* 385 (106 S. E. 319). This is true even though the limitation is provided in a by-law of the defendant association, enacted subsequently to the issuance of the policy. *Sovereign Camp W. O. W.* v. *Gunter,* 59 *Ga. App.* 189 (200 S. E. 181).

4. The judge did not err in overruling the certiorari to the civil court of Fulton County, which had sustained a plea which set up that the action on the policy was barred by the limitation of one year.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*

DECIDED MAY 15, 1943.

*James R. Venable, Frank A. Bowers,* for plaintiff.
*Richard T. Nesbitt, Anderson, Anderson & Walker,* for defendant.