34704. MORRIS *et al. v.* STATE FARM MUTUAL AUTO-
MOBILE INSURANCE COMPANY.

DECIDED SEPTEMBER 18, 1953—REHEARING DENIED OCTOBER 1, 1953.

846

*Dudley Cook, Robt. McCartney, Lewis & Lewis,* for plaintiffs in error.

*Dunaway, Howard & Embry,* contra.

FELTON, J. 1. In addition to the policy provisions contained in the statement of facts, the policy also provided: "Definition of Insured. With respect to the insurance for bodily injury liability, for property damage liability and for medical payments the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission." The first question to be decided is, whether the exception stated in the policy applies to the insured or any member of the family of the insured residing in the same household as the insured, assuming that the mother of the insured was a member of his family residing in the same household. The plaintiffs in error contend that the exception should be construed to mean that the policy did not apply to the insured, etc., and that under that interpretation the coverage of the policy would be nullified. This contention is without merit because the exception provides that the policy does not apply "under coverage A" to the insured, etc. If we reconstruct the sentences in the exception and have it read as follows: "This policy does not apply under coverage A . . . to the insured, etc.," the only reasonable interpretation is that the coverage under I. A does not apply to the insured or members of his family residing in the same household. The word "insured," under the terms of the policy, includes the named insured and those driving the named insured's automobile with his consent, so it seems clear that the insurance company intended, under this reconstruction of the exception, to exclude liability arising from a liability of an additional insured to the named insured or any member of his family residing in the same household, and to exclude liability arising from the liability of the named insured to any member of his family, etc., and exclude liability

of any additional insured to any member of his family, etc. If we reconstruct the exception in another way—the only other reconstruction to which it seems susceptible, to wit, "This policy does not apply under coverage A to any obligation for which the insured or any company as his insurer may be held liable to the insured, etc.," under this second reconstruction the exception means the same thing as under the first. It seems to us that any other interpretation would be completely strained, arbitrary, and unreasonable. The plaintiffs in error argue that the punctuation in the exception is important. We do not consider the semi-colon before the last clause beginning with "or to the insured, etc." makes any difference whatever. We do not think the meaning would be in any way different if the semicolon was omitted or replaced by a colon or a comma. Such omission or substitution could only result in one of the two reconstructed sentences and both of them mean the same thing. As a matter of fact, this very exception, with a comma where the semicolon is in the instant policy, has been construed as we construe the instant exception. Pearson *v.* Johnson, 215 Minn. 480 (10 N. W. 2d 357). The purpose of such an exception is obvious, and we can see no reason why it is contrary to public policy.

2. The facts of the case with reference to whether the named insured's mother was a member of his family and resided in the same household are: On March 23, 1952, Marcus M. Morris, the insured, was single and lived with his mother and father in a home rented by the parents. He had lived with his parents at the same address all his life. The insured had all the privileges of the home. At the time he was paying his mother and father board at the rate of $20 every two weeks. "I had my breakfast there at home. As to if I came home at night, I had dinner with my family. From October of 1943 until the spring of 1949, I was in evening college and I ate very few evening meals there; and on week-ends about the only meals I ate there was at breakfast on Sunday morning and dinner on Sunday. I would come back to this house, when I came there in the evening I would have dinner with my family. When I was away from home at lunch-time I had lunch down-town, but when I was at home at meal-time I had meals with my family. I was allowed the privileges of the living room, dining room and any

other rooms. The fact that I was paying board didn't relegate me to just one section of the house. I had free run of the house so that I was not restricted to any section, or to any certain room. I had the free run of the house during the time I was there."

(a) Under the above facts, the named insured's mother was a member of his family. There are many definitions of "family." Its meaning varies with situations, facts, and circumstances. See *Forlaw* v. *Augusta Naval Stores Co.*, 124 *Ga.* 261 (52 S. E. 898). Under the narrowest construction of the word, the mother under the facts was a member of the named insured's family. If this were not so, the named insured would be said to be the only member in his family.

(b) The mother resided in the same household as the named insured. There is no provision that she must have resided in the insured's household. Under the facts there was but one household, and the insured and his mother resided therein. *Cartier* v. *Cartier*, 84 N. H. 526 (153 Atl. 6); State Farm Mut. Ins. Co. v. *James*, 80 Fed. 2d 802.

The court did not err in rendering a judgment in favor of the plaintiff below and in denying the defendants' motion for new trial.

*Judgments affirmed. Sutton, C.J., and Worrill, J., concur.*