### 43207. ST. PAUL FIRE & MARINE INSURANCE COMPANY v. GORDON et al.

Argued November 7, 1967—Decided November 14, 1967.

*Oliver, Maner & Gray, Edwin Maner, Jr.*, for appellant.

*Donald E. Austin, Robert R. Cook,* for appellees.

EBERHARDT, Judge. It is well settled that the insured does have an obligation to co-operate with his insurer in the investigation of accidents, the securing of evidence, giving notice of the accident and of claims or suits brought against him arising out of it, in attending court, assisting as he can at the trial, and in making full, fair, complete and truthful disclosures of the facts known to him relative to the accident when called upon to do so. See in this connection, *National Union Fire Ins. Co. v. Carmical*, 99 Ga. App. 98 (107 SE2d 700); *Employees Assur. Soc. v. Bush*, 105 Ga. App. 190, 194 (123 SE2d 908); *Sims T. V., Inc. v. Firemen's Fund Ins. Co.*, 108 Ga. App. 41 (1) (131 SE2d 790); *Ericson v. Hill*, 109 Ga. App. 759 (137 SE2d 374); *Cotton States Mut. Ins. Co. v. Martin*, 110 Ga. App. 309 (138 SE2d 433); *State Farm Mut. Auto. Ins. Co. v. Wendler*, 115 Ga. App. 452 (154 SE2d 772); *State Farm Mut. Auto. Ins. Co. v. Burden*, 115 Ga. App. 611 (155 SE2d 426); *Hardware Mut. Cas. Co. v. Scott*, 116 Ga. App. 637.

We cannot say, however, under the facts developed on this motion for summary judgment, that there is no genuine issue of fact as to whether the insured failed to co-operate with his insurer. It appears to be obvious that he gave prompt notice of the collision so that St. Paul could make an investigation and that its adjuster probably could have interviewed him and obtained a statement, if one was desired, on the occasion of the committal hearing, or at its conclusion. There is circumstantial evidence indicating that the insured purposefully may have avoided St. Paul's adjuster after the hearing, but that raises a factual issue. The question as to whether the company was reasonably diligent in seeking to obtain information from the insured, and if so, whether the insured's conduct was such as to indicate a purposeful intention to refuse the co-operation to which his insurer was entitled is for resolution by the jury. Cf. *National Sur. Corp. v. Dunaway*, 100 Ga. App. 842 (6) (112 SE2d 331).

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*