### 43114. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. WENDLER.

ARGUED OCTOBER 5, 1967—DECIDED JANUARY 5, 1968— REHEARING DENIED FEBRUARY 13, 1968—CERT. 

Robert E. Knox, Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher, A. Montague Miller, for appellant.

Randall Evans, Jr., Albert G. Ingram, Jr., for appellee.

QUILLIAN, Judge. The defendant contends under the ruling of *State Farm Mut. &c. Ins. Co. v. Wendler*, 115 Ga. App. 452, supra, that the insured must tell her insurer the complete truth concerning the accident and must stick to this truthful version throughout the proceedings; that she must not cripple her insurer in the defense of the suit by switching from one version of the occurrence to another. Thus, because the defendant introduced evidence showing a material variation in her testimony on the trial from that given in a prior written statement, every material issue in the case was eliminated and the defendant was entitled to a summary judgment.

This court held in *State Farm Mut. &c. Ins. Co. v. Wendler*, 115 Ga. App. 452, supra, that in the absence of a piercing of the pleadings the issues raised by the answer were for a jury. The allegations of the answer and those contained in the motion for summary judgment brought by the defendant, State Farm, were predicated on the insured acting wilfully, consciously and fraudulently in giving her statement to the defendant. Wilfulness and fraud are essential ingredients to substantiate the defense of failure to co-operate (*National Union Fire Ins. Co. v. Carmical*, 99 Ga. App. 98, 104 (107 SE2d 700); Ocean Acc. &c.

Corp. v. Lucas, 74 F2d 115 (98 ALR 1461)). See Anno., 34 ALR2d 264. Under the allegations of the answer, without explanation by the plaintiff, this court found: "If she testified truthfully, as we must assume she did, she suppressed the truth until that time, and the suppression of truth is as false and fraudulent as a wilful misrepresentation." *State Farm Mut. &c. Ins. Co. v. Wendler*, 115 Ga. App. 452, 456, supra. It is true, as the defendant points out, that the court held: "The answer sets forth a good defense to the action in that sufficient facts are alleged to prove the lack of co-operation by the insured whichever version of the occurrence given by the insured was true." Id., p. 455. However, here the plaintiff pierced the material allegations of the answer by filing the counter affidavit of the insured, as set forth previously, and thus did deny, contradict and offer explanation of the defendant's evidence adduced in support of the answer.

While the counter affidavit was interspersed with subjective statements as to the witness's intent, it has been held that a witness may testify as to his intent, for such testimony amounts to a statement of fact and not a mere conclusion. *Royce & Co. v. Gazan*, 76 Ga. 79 (5); *Hale v. Robertson & Co.*, 100 Ga. 168 (1) (27 SE 937); *Alexander v. State*, 118 Ga. 26 (4) (44 SE 851); *Childers v. Ackerman Construction Co.*, 211 Ga. 350, 354 (86 SE2d 227). Moreover, on motion for summary judgment we recognize the rule that "the burden is upon the moving party to establish the lack of a genuine issue of fact and the right to a judgment as a matter of law, and any doubt as to the existence of such an issue is resolved against the movant. . . The party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists and the trial court must give that party the benefit of all favorable inferences that may be drawn from the evidence." *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4 (126 SE2d 442); *McCarty v. National Life &c. Ins. Co.*, 107 Ga. App. 178, 179 (129 SE2d 408).

Therefore, a jury question was presented as to whether the insured wilfully and fraudulently gave the answers attributed to her. The trial judge did not err in denying the motion for summary judgment.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*