### 43834. BARRAS et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

ARGUED SEPTEMBER 5, 1968—DECIDED SEPTEMBER 16, 1968.

*Joseph B. Bergen,* for appellants.

*Hitch, Miller, Beckmann & Simpson, Luhr G. C. Beckmann, Jr.,* for appellee.

HALL, Judge. The policy defined "uninsured automobile" as "(1) a land motor vehicle with respect to the ownership, maintenance or use of which (a) there is no bodily injury liability and property damage liability bond or insurance policy in the amounts specified in the Georgia Automobile Financial Responsibility Act, applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle . . . but the term 'Uninsured automobile' shall not include (i) an automobile defined herein as an 'insured automobile'; (ii) a land motor vehicle owned by the named insured or by any resident of the same household; . . ." "Insured automobile" was defined as "an owned automobile, provided the use thereof is by such named insured or spouse or any other person to whom such named insured or spouse has given permission to use such automobile, if the use is within the scope of such permission, . . ."

A Georgia statute (Ga. L. 1963, p. 588, as amended; *Code Ann.* § 56-407.1 (a)) requires, unless rejected by the insured named in the policy, coverage of the insured for "all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle." In this statute "the term 'uninsured motor vehicle' means a motor vehicle, other than a motor vehicle owned by or furnished for the regular use

of the named insured, the spouse of any such named insured . . ." *Code Ann.* § 56-407.1 (b). As applied to the facts alleged the coverage of the policy is consistent with the Georgia statute and does not include liability to the plaintiffs arising out of the permissive use of the insured's automobile by a friend who carried no policy covering its use.

The Oregon statute applicable in Bowsher v. State Farm Fire &c. Co., 244 Ore. 549 (419 P2d 606), cited by counsel, did not expressly exclude automobiles owned by the insured from its requirement for uninsured automobile coverage. We note that the policy in the present case excludes from the coverage for the owned automobile and non-owned automobiles liability for bodily injury to the insured or any member of his family residing in the same household. The policy considered in *Chicago Ins. Co. v. American Southern Ins. Co.*, 115 Ga. App. 799 (156 SE2d 143), in which this court held the policy insuring a permissive driver as an additional insured covered the driver's liability for negligence toward the owner, who while riding in the automobile had permitted him to drive, did not have such an exclusion.

The trial court did not err in finding that the policy did not cover liability to the plaintiffs under the facts alleged.

*Judgment affirmed. Bell, P. J., and Quillian, J., concur.*