27515, 27516. PROUDFOOT v. COTTON STATES MUTUAL INSURANCE COMPANY; and vice versa.

NICHOLS, Justice. The Court of Appeals in a case where all nine judges participated held that a jury question existed as to whether an insurance company was liable under a liability insurance policy. Two questions were presented by the appeal, to wit: (1) Did the trial court err in directing a verdict against the insurance company and (2) Did the trial court err in overruling the motion of the insurance company for a judgment notwithstanding the verdict? These questions resolve themselves into one issue, to wit: Was a finding demanded for either side? Chief Judge Bell and Judges Pannell, Evans and Clark held that a verdict was demanded against the insurance company. Presiding Judge Hall, Presiding Judge Eberhardt, and Judges Deen and Quillian held that a verdict was demanded for the insurance company and Judge Stolz disagreed with both views which resulted in a holding by the Court of Appeals that the trial court erred in directing a verdict against the defendant insurance company and did not err in overruling the motion of the defendant insurance company for a judgment notwithstanding the verdict.

In a prior appearance of the same case before the Court of Appeals it was held that the trial court erred in granting the motion of the defendant insurance company for a summary judgment. See *Cotton States Mut. Ins. Co. v. Proudfoot,* 123 Ga. App. 397 (181 SE2d 305). See *Cotton States Mut. Ins. Co. v. Proudfoot,* 126 Ga. App. 799 (191 SE2d 870), for the opinion of the Court of Appeals on the present appeal. *Held:*

1. On the first appearance of this case in the Court of Appeals it was held that for the insurer to be relieved of its contractual obligation because of the alleged failure of the insured to co-operate in the defense of the original action against the insured by failure to appear and co-operate at the trial, there must be a wilful and intentional refusal to co-operate, citing *National Union Fire Ins. Co. v. Carmical,* 99 Ga. App. 98, 104 (107 SE2d 700); and *State Farm Mut. Auto. Ins. Co. v. Wendler,* 117 Ga. App. 227, 231 (160 SE2d 256). It was also held that where an insurance company elects to participate in a trial by defending an action without giving a "reservation of rights" notice to the insured, that it is estopped to later contend that the insurance is not effective, citing *Jones v. Ga. Cas. &c. Co.,* 89 Ga. App. 181, 185 (78 SE2d 861), and *State Farm Mut. Auto Ins. Co. v. Anderson,* 104 Ga. App. 815, 818 (123 SE2d 191); s. c. 107 Ga. App. 348 (2) (130 SE2d 144). These holdings became the law of the case.

2. The evidence, construed most strongly against the plaintiff and in favor of the defendant insurance company in determining if the trial court erred in directing a verdict for the plaintiff showed no evidence as to why the insured did not appear to testify on the trial. Thus, it could not be construed as showing a wilful and intentional refusal to co-operate on the part of the insured. Nor could the evidence as to prior conversations and interviews between the insured and representatives of the defendant insurance company

wherein she promised to be at the trial show that the later failure to appear was a wilful and intentional refusal to co-operate.

3. On the first appearance of the case in the Court of Appeals it was held that the statement made by counsel to the trial court on the trial of the damage action was not a "reservation of rights" notice to the insured so as to prevent an estoppel from occurring by undertaking to defend such action. The only additional evidence on this issue, a letter written the insured prior to trial, was properly held by Judge Pannell to be a statement of future intent which could not be held to be a present "reservation of rights" notice to the insured.

The Court of Appeals erred in reversing the judgment of the trial court granting the plaintiff's motion for a directed verdict. Accordingly, the judgment of the Court of Appeals affirming the judgment of the trial court overruling the defendant's motion for a judgment notwithstanding the verdict was not error.

*Judgment affirmed in case No. 27516; reversed in case No. 27515. All the Justices concur, except Jordan, J., disqualified.*

SUBMITTED JANUARY 8, 1973 — DECIDED FEBRUARY 8, 1973— REHEARING DENIED FEBRUARY 22, 1973.

*Nightingale, Liles & Dennard, B. N. Nightingale, Thomas E. Dennard, Jr.,* for appellant.

*Fendig, Dickey, Fendig & Whelchel, J. Thomas Whelchel,* for appellee.