## 49482, 49483. BROWN et al. v. HILTON HOTELS CORPORATION; and vice versa.

CLARK, Judge.

"No Room At The Inn." Titled thusly, this tristful tale takes this tribunal[1] into deciding if the alleged failure of the Hilton Hotels Corp. to provide plaintiffs with a hotel room pursuant to a guaranteed reservation constitutes a breach of contract or a tort arising out of a contract.

Mr. and Mrs. Edward F. Brown concurrently filed separate suits against defendant. Each complaint is in two counts, one in tort and the other in contract. Attached to each complaint are the exhibits out of which the litigation arose. These are (1) a confirmation from the Hilton Reservation Service for a room for two persons designated as "M/M E. Brown" at the San Francisco Hilton "for arrival Oct. 6 by United 96 [at] 8:50 p.m. departing Oct. 9"; (2) a canceled check of Edward F. Brown for $72 with the hotel as payee; and (3) acknowledgment reciting "Room will be held first night on a guaranteed payment basis."

Through discovery depositions of the plaintiffs which were incorporated into a summary judgment motion by defendant it was developed that simultaneously with the request made in August 1972 for reservations for the Browns the husband had asked for

---

[1] As an ardent alliteration addict afflicted by such auctorial activity, the writer opines this suits him to a T.

an additional room for two other persons which contract reservation was made in the name of "P. Brown and party." Brown's check was to guarantee both reservations. The Browns intended to use the two rooms for their party of four, the other two being their son (P. Brown) and Mrs. Brown's sister, with the men occupying one room and the women using the other. Unknown to the hotel was the fact that Mrs. Brown had a serious heart condition. This ailment had been the reason for their arranging a stop-over in San Francisco on the family's return journey to Atlanta by airplane from Hawaii, her doctor having permitted the trip if this plan were followed.

When the Brown family arrived at the hotel around 10 p.m. they found a line of at least 12 persons waiting at the registration desk. This congestion was due to the throngs visiting the Golden Gate City to attend athletic events scheduled for the next day: a World Series opener between Oakland and Cincinnati and the U.S.C.-Stanford traditional football fracas. In their depositions plaintiffs graphically describe the lobby as a "madhouse" and enlarge upon Mr. Brown's efforts to prevail upon the hotel employees to accommodate his family on the basis of "guaranteed reservations." Their testimony is that after first being told the hotel was filled, thereafter, upon Mr. Brown showing his prepaid reservation confirmation, they were offered a single room (in which a cot could be placed) with a double bed. But this was not acceptable to the Browns who asserted the necessity of getting accommodations for four persons and the impracticability of dividing the group's thirteen pieces of luggage. Efforts to secure space in other hotels failed because "the town was sold out." Upon being successful in obtaining airplane tickets to Atlanta the Browns returned to the airport from which they departed at 1 o'clock in the morning and arrived at their Georgia destination at 9 a.m.

Two days later, allegedly "as a result of the fatigue, stress and strain occasioned by the plaintiff's inability to obtain accommodations in San Francisco, Mrs. Brown became ill and by November 10, 1972, her general health and heart condition had deteriorated to the extent"

hospitalization was required. There she stayed for two weeks and alleges she thereafter was required to remain under her doctor's care.

Based on the pleadings and depositions taken by cross examination of the plaintiffs the defendant hotel moved for a summary judgment in its behalf in both cases which had been consolidated for trial. The lower court ruled that (1) "there are issues of fact as to Defendant's alleged failure to honor Plaintiffs' alleged guaranteed reservations"; (2) "With respect to the Plaintiffs' claims that the Defendant's failure to honor Plaintiffs' guaranteed reservations was tortious, I find that as a matter of law, the Plaintiffs are entitled to recover, if at all, only for breach of contract; therefore Defendant's Motion for Summary Judgment as to this issue is granted"; and (3) all "claims for punitive and exemplary damages, attorney's fees, and claims for compensatory damages for pain and suffering and hospital, drug and medical expenses, lost time from work, and loss of consortium and services as a result of Defendant's alleged failure to honor Plaintiff's guaranteed reservation" were stricken in "that under the law of Georgia such items are not recoverable for breach of contract." (R. 164-165).

Plaintiffs have taken this appeal from that ruling via immediate review certificate and defendant hotel has filed a cross appeal.

1. Appellants assert that they "as prepaid guests of the San Francisco Hilton Hotel, are entitled to maintain an action in tort against the hotel for damages they sustained as a result of the hotel's refusal to honor the Browns' prepaid guaranteed reservations and to provide accommodations." (Brief, p. 7). In short, they contend they have a cause of action for tort arising out of the contract. Numerous cases have recognized this principle to exist. Examples are those cited in *Sims v. American Cas. Co.,* 131 Ga. App. 461, 480 (206 SE2d 121).

A study of those authorities and similar cases shows that in every instance where such tort cause of action was upheld there was negligence in the performance of a duty owed either apart from the contract or arising from the contract rather than from a failure to carry out the contract itself. This is pointed out in *Mauldin v. Sheffer,*

113 Ga. App. 874, 877 (150 SE2d 150) where it is said that "Generally, a mere breach of a valid contract amounting to no more than a failure to perform in accordance with its terms does not constitute a tort. . ." In discussing the difficulty of formulating a definitive rule workable upon application to all cases, our court there concluded at p. 879 that "one clear distinction seems to have been made which is indicative of the scope and application of the rule, and that is the distinction between nonfeasance or the mere failure to perform the contract at all, and misfeasance or the negligent performance of the contract. [Cit.] As to the former of these the cases have fairly consistently held that it affords no basis for an action ex delicto, even though the failure to perform may have been characterized as negligent [cits.]; while in the latter a cause of action ex delicto may be had. [Cit.]"

In the case sub judice plaintiffs necessarily were limited to a suit for nonperformance by defendant hotel of their "guaranteed reservation" contract rather than misfeasance in the execution thereof by the defendant. While there is a public duty outside of any contract under both common law and statute (Code § 52-103) requiring an innkeeper to accept as guests all persons of good character, the instant case clearly fell within the defense which has been expressed in our statute through these words: "so far as he [the innkeeper] can accommodate them."

None of the cases relied upon by appellants are applicable because they all involve some breach of duty arising out of the manner in which the contract was executed rather than a failure to perform. Therefore, the trial court was correct in ruling plaintiffs were limited to breach of contract. Accordingly, the trial court was also correct in striking those claims for damages allowable in tort but not in contract. See Code §§ 20-1402, 20-1405 and 20-1406.

2. The remaining enumeration of error avers "The Trial Court erred in failing to apply the law of California, as the situs of the transactions complained of, in determining whether the plaintiffs' complaints stated causes of action upon which relief could be granted." We are unable to consider this assertion because there is

nothing in the record to show the law of California or that it differs from that of Georgia. "Where a party relies on the law of another State as furnishing the basis for a right of recovery or defense different from what it would be under the laws of this State, or the common law, the law of the foreign state should be pleaded and proved. [Cits.]" *Bolton v. Bluestein,* 55 Ga. App. 782 (191 SE 388).

3. As there are issues of fact concerning the defendant hotel's alleged breach of contract, we find no merit in the cross appeal.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED JULY 1, 1974 — DECIDED SEPTEMBER 30, 1974 — REHEARING DENIED NOVEMBER 8, 1974 — 

*Harland, Cashin, Chambers & Parker, Harry L. Cashin, Jr., T. Jackson Bedford, Jr.,* for appellants.

*Gambrell, Russell, Killorin, Wade & Forbes, Edward W. Killorin, Sewell K. Loggins,* for appellee.