## 51528. LAUER v. BODNER et al.

PANNELL, Presiding Judge.

Sue Lauer, on January 30, 1975, brought an action against John Bodner, a nonresident of the State of Georgia, seeking recovery for personal injury, property damage, medical expenses, loss of earnings and pain and suffering arising out of an automobile wreck which occurred January 31, 1973, when the plaintiff was a passenger in the automobile, belonging to plaintiff, driven by defendant with the plaintiff's permission. The defendant, Bodner, was purportedly served pursuant to the Nonresident Motorist Act. No question relating to that service is involved in this appeal.

Illinois Farmers Insurance Company, from whom the plaintiff had purchased a policy of automobile liability insurance while she was a resident of Fort Wayne, Indiana, was permitted to intervene in said proceeding and set up defenses in order to protect its interest under the policy, if any. No defenses were filed by John Bodner. Illinois Farmers Insurance Company filed four defenses. The first defense denied the allegations as to the negligence of the defendant, Bodner, and the injuries and damage to the plaintiff. The second defense was to the effect that the provisions of Part I of the policy making Bodner an insured, he at the time driving the automobile with permission of the named insured, provided no coverage because of the provisions of exclusion No. 12 "This policy does not apply under Part I . . . to the liability of any insured for bodily injury to . . . the named insured." The third defense was based upon the failure of the defendant, John Bodner, to immediately forward to the insurer the summons and process served upon him. The fourth defense was based upon the failure of the defendant, John Bodner, to cooperate with the insurer. A copy of the policy was attached to the answer as an exhibit.

The insurer made a motion for summary judgment in its favor "on the grounds that there is no issue as to any material fact and this defendant is entitled to a judgment as a matter of law." In support of its motion is attached an affidavit which established the policy involved and that

Bodner never sent to the insurer the copy of the summons and complaint, and that he never called upon or requested the insurer to defend him as an insured under the policy. There was no evidence introduced relating to the merits of the action as against the defendant, Bodner. The trial judge sustained the motion for summary judgment and "dismissed" the action as to "defendant, Illinois Farmers Insurance Company." The plaintiff in the court below, Sue Lauer, appealed this ruling. *Held:*

1. Part I of the policy insured against liability for personal injury and property damage. It also provided that anyone driving with permission of the named insured, plaintiff-appellant, was an insured under the policy. Paragraph 12 of the exclusions provided: "This policy does not apply under Part I; . . . to the liability of any insured for bodily injury . . . to the named insured." This exclusion clearly excludes liability for bodily injuries under the facts of this case. See in this connection *Morris v. State Farm Mut. Auto Ins. Co.,* 88 Ga. App. 844 (1) (78 SE2d 354).

This provision, however, does not exclude liability for property damages; this is excluded under Paragraph 10 of the exclusions to Part I of the policy, which excludes "damage to property (a) owned . . . by the insured, . . ." Under the designation Definition of Insured it is stated "The unqualified word 'insured' includes (a) with respect to the described automobile (1) the named insured, . . ." There being no coverage under Part I of the policy for the reasons above given, we conclude that summary judgment as to defense No. 2 was properly granted and makes moot any question as to whether there was lack of coverage under Part I because Bodner failed to cooperate with the insurer by failing to forward the summons and complaint to the insurer which was raised by the third and fourth defenses.

2. However, the appellant contends that she and the defendant have coverage under the Uninsured Motorist Provisions of the policy, Part II thereof, as to injury and damage.

There was no evidence that Bodner carried automobile liability insurance, and the burden being on movant on motion for summary judgment, we will, for the

purpose of this case, assume he did not. However, even with such assumption we are of the opinion there was no coverage as claimed under the Uninsured Motorist Provisions of Part II of the policy. Under this provision of the policy the insurer agreed "[t]o pay all sums which the owner or operator of an uninsured motor vehicle would be legally responsible to pay as damages to the insured because of bodily injury sustained by the insured, caused by accident, and rising out of the ownership, maintenance or use of such uninsured motor vehicle" with certain conditions attached not here material. Under definitions, the following appears: "Described automobile means automobile described in the policy declaration for which uninsured motorist insurance is indicated as covered, including a newly acquired automobile or substitute automobile. Uninsured means (1) the named insured or a relative, (2) any other person while occupying an uninsured motor vehicle, . . . with respect to damages he is entitled to recover because of bodily injury to which Part II applies sustained by an uninsured under (1) or (2) above. Insured motor vehicle means (1) the described automobile, provided the actual use thereof is by the named insured or a relative or by any other person with the permission of the named insured, . . . Uninsured motor vehicle means," and then follow various general definitions thereof. Then follows a provision that "the term 'uninsured motor vehicle' shall not include: (a) an 'insured motor vehicle,' or (b) a motor vehicle owned by the named insured or any resident of the same household . . . " This latter exclusion is valid and in accordance with, or compatible with, our Georgia Uninsured Motorist Statute. See *Barras v. State Farm Mut. Auto. Ins. Co.*, 118 Ga. App. 348, 349 (163 SE2d 759) in which the terms of the policy were similar and the facts as to the parties were the same as those in the present case, and in which it was held: "A Georgia statute (Ga. L. 1963, p. 588, as amended; *Code Ann.* § 56-407.1 (a)) requires, unless rejected by the insured named in the policy, coverage of the insured for 'all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle.' In this statute 'the term "uninsured motor vehicle" means a motor vehicle, other than a motor

vehicle owned by or furnished for the regular use of the named insured, the spouse of any such named insured. . .' *Code Ann.* § 56-407.1 (b). As applied to the facts alleged the coverage of the policy is consistent with the Georgia statute and does not include liability to the plaintiffs arising out of the permissive use of the insured's automobile by a friend who carried no policy covering its use."

Appellant contends, however, that the contract, construed under the case law and statutes of the State of Indiana where the contract was entered into requires a different conclusion. Paragraph 43 (c) of the Civil Practice Act (Ga. L. 1968, pp. 1104, 1108; Code Ann. § 81A-143 (c)) provides that "A party who intends to raise an issue concerning the law of another State or of a foreign Country shall give notice in his pleadings or other reasonable written notice. The court, in determining such law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the rules of evidence. The court's determination shall be treated as ruling on a question of law." There is nothing in the record sent to this court disclosing that the appellant gave notice in her pleadings or other reasonable written notice of her intent to raise this issue, nor was any evidence adduced as to such laws. Under these circumstances, neither the court below nor this court can take judicial cognizance of the law of the sister state. *Independent Order of Puritans v. Cadden,* 25 Ga. App. 27 (1) (102 SE 474); *Norman v. Sovereign Camp W. O. W.,* 69 Ga. App. 437 (1) (25 SE2d 887).

3. We, accordingly, apply the laws of this state (*Craig v. Craig,* 53 Ga. App. 632 (186 SE 755)) and hold there was no coverage under the uninsured motorist provisions of the plaintiff's policy under the facts of this case, and the trial judge was correct insofar as his judgment may have been based upon such lack of coverage. However, because there was no evidence in support of defense number one denying the negligent acts of the defendant Bodner and alleged injuries resulting therefrom, the judgment of the trial court, if it be construed to cover defense number one, is in error. See *Brown v. Hilton Hotels Corp.,* 133 Ga. App. 286, 289 (2)

(211 SE2d 125).

*Judgment affirmed in part and reversed in part. Bell, C. J., Deen, P. J., Quillian, Clark, Stolz, Webb and Marshall, JJ., concur. Evans, J., dissents.*

ARGUED JANUARY 5, 1976 — DECIDED FEBRUARY 12, 1976 — REHEARING DENIED MARCH 8, 1976.

*John Genins,* for appellant.
*Dennis & Fain, Robert E. Corry, Jr., Wade K. Copeland,* for appellees.

EVANS, Judge, dissenting.

1. Division 1 of the majority opinion holds that there is no coverage to the injured person for bodily injuries because under paragraph 12 of the exclusions it is provided: "This policy does not apply under Part 1; . . . to the liability of any insured for bodily *injury to the named insured."* (Emphasis supplied.) However, the policy shows the *named insured* to be Sue Doss, and the policy further defines "named insured" as including the spouse of the named insured. But the plaintiff in this case is neither the named insured nor the spouse of the named insured, but is a different person, to wit, *Sue Lauer.* If perchance Sue Doss married a man named Lauer after issuance of the policy, the burden was on the insurer to clearly prove such fact. We find nothing in the record to supply this proof. Therefore, I disagree with the holding in Division 1 by the majority, and summary judgment to the insurer was wrongfully granted.

2. Further, in Division 1 of the majority opinion it is held there was no coverage as to bodily injury because "Bodner failed to cooperate with the insurer by failing to forward the summons and complaint to the insurer which was raised by the third and fourth defenses." But Bodner was not the holder of the policy, and had not agreed to and was not bound to cooperate and carry out the terms of the policy, because for aught that we know, he knew nothing of the policy or its terms and requirements. He was driving the car by permission of the owner of the policy.

3. But even if the *named insured* had failed to give

notice to the insurance company as to Bodner being sued, that is, if Sue Doss and Sue Lauer are one and the same person, and if she failed to turn a copy of the complaint over to the insurer so it might intervene and answer, much more misconduct than that must be shown against the insured person before the insurance company may be relieved. The Court of Appeals and the Supreme Court have thoroughly threshed this question out in the case of *Cotton States Mut. Ins. Co. v. Proudfoot,* 126 Ga. App. 799 (191 SE2d 870), a 5 to 4 decision, which was reversed by the Supreme Court in 230 Ga. 169 (196 SE2d 131). There it is squarely held by the Supreme Court that the four judges of the minority opinion in the Court of Appeals were right; and that it must be shown by the insurance company that the insurer committed a *"wilful and intentional refusal to cooperate,"* otherwise coverage exists. (Emphasis supplied.) Merely to show a lack of cooperation is not enough. Also, holding to the same effect, are the following cases, to wit: *St. Paul Fire &c. Ins. Co. v. Gordon,* 116 Ga. App. 658, 660 (158 SE2d 278), written by Judge Eberhardt, concurred in by Judge Hall and Chief Judge Felton; *Nat. Union Fire Ins. Co. v. Carmical,* 99 Ga. App. 98, 103 (107 SE2d 700); *State Farm Mut. Auto. Ins. Co. v. Wendler,* 117 Ga. App. 227, 231 (160 SE2d 256).

A rather lengthy dissent by Judge Pannell in *Cotton States Mut. Ins. Co. v. Proudfoot,* 126 Ga. App. 799, supra, pp. 802-807, further supports the position taken in this dissent.

The motion for summary judgment makes no allegation that there was a "wilful and intentional refusal to cooperate" — nor did it prove such wilful and intentional refusal to cooperate. Of course, it is too well known to require citation of authority that all allegations and all evidence in a motion for summary judgment must be construed most strongly against the movant for summary judgment. See *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (1) (126 SE2d 442); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408).

4. Further, the intervention of the insurer (par. 4) shows in this case that the complaint and notice of the claim was promptly made known to the insurance

company, and it had every opportunity of protecting itself. See R. 7.