DUFF GREEN, plaintiff in error, *vs.* THE EAST TENNESSEE AND GEORGIA RAILROAD, defendant in error.

NOTE. WALKER, J. having been of counsel in this case, did not preside.

An agreement for arbitration being made in Tennessee, its validity and construction in the Courts of Georgia, depend on the laws of Tennessee. By the laws of Tennessee an award in parol may be good.
Though the Judge ruled erroneously, upon extrinsic matters which could not possibly affect the actual and really important points in issue, this Court will not grant a new trial, when the verdict is right.

Equity. Arbitration. Tried before Judge MILNER. Whitfield Superior Court,    Term, 1867.

For the facts in this case, see the opinion. The other matters not therein mentioned, not having been passed upon by the Supreme Court, are omitted.

A. R. WRIGHT, J. W. JOHNSON, for plaintiff in error.

C. D. McCUTCHIN, JUDGE GALT, of Nashville, for defendant in error.

HARRIS, J.

The task of carefully considering the voluminous printed document of over two hundred pages, a part of the transcript in this cause, besides the bill of exceptions, has been one of no small trouble. When eviscerated of all extraneous and irrelevant matter, the case is reduced to narrow limits, and involves but few and simple issues. In substance it is this: Duff Green, the complainant below, made a contract in the year 1848 with Van Dyke, the President of the East Tennessee and Georgia Railroad Company, for the construction of the railroad of this company upon the terms and conditions therein specified. This contract was modified by a supplemental contract of the 1st July, 1849.

By a further and final contract between Green and the Railroad Company, made the 4th April, 1850, it was stipulated and agreed that the said Green should surrender to the company the East Tennessee and Georgia Railroad, with its fixtures and materials, as also surrender and cancel the contracts of 1st November 1848, and that of 11th July, 1849, upon the conditions that the said company should pay the said Green for all work done and materials furnished for said road up to date, and not theretofore paid for, on the basis of the estimates according to the supplemental contract of 11th July, 1849, and deducting the amount due 4th April, 1850, to the engineers and to contractors for work and materials for the said road, the said East Tennessee and Georgia Railroad Company thereby assuming and paying the amounts so due by said Green to said engineers and contractors.

And it was further stipulated and agreed, in consideration of the premises, that the respective parties should mutually submit the question *as to what the said Green was entitled to and should receive, if anything, for the surrender of the road and the contracts with the Company,* to the arbitrament and award of M. B. Pritchard and Albert M. Lea, whose award should be final, except in case of their disagreement, when they should call in an umpire.

This contract of 4th April, 1850, necessarily furnished the only basis for the determination of the rights and liabilities of the contracting parties, unless it was successfully impeached for fraud in its procurement, and set aside as null and void.

The bill of complainant set forth the original contract, supplemental contract, and this, alleging it to have been procured through misrepresentation, fraud, etc., etc., and prayed that it be set aside, and that the company should settle and account to him for losses, etc., under the previous contracts. Testimony was taken and had in support of the allegation as to the fraud in the procurement of this last contract, and was found to be wholly inadequate to support the charges made. The necessary result was to put out of view the previous contracts; the last embodies in its covenants, then, all the rights and liabilities of the parties, and to it, the pleadings and evidence on the trial should have been strictly confined.

Under this contract the principal enquiry before the Court below was, whether the matters of dispute between the parties, and submitted to the decision of Pritchard and Lea were arbitrated and passed upon by them or not. This was a question of fact to be submitted to the jury. The contract containing the agreement to refer was a Tennessee contract, and as such its validity and construction in the Courts of Georgia depended on the laws of Tennessee. This being so, it became necessary to enquire whether a verbal award, or award not reduced to writing, was made by the referees, as alleged by defendant below; and also whether such an award was valid according to the laws of Tennessee. The testimony as to the latter being satisfactory, the jury found that an award had been made, and, by their finding, confirmed it. These points really constituted the case, and no evidence beyond them should have been gone into. The motion for a new trial includes many grounds, most of them arising upon rulings upon matters which we have deemed extrinsic to the actual points to which the case should, upon the trial, have been confined. The rulings of the Judge, in some instances as to those extrinsic matters, are, in our opinion, erroneous;

but as none of them could possibly affect the actual and really important points in issue, we will not grant a new trial merely to correct such rulings.

Judgment refusing new trial affirmed.