Gus Peterson, plaintiff in error *vs*. The State of Georgia, defendant in error.

When there was a trial on an indictment for murder, and the prisoner was found guilty and the evidence showed that the killing was without justification or sufficient excuse, and after a motion for a new trial was made and overruled, it was discovered that defendant could prove that deceased had, a few days before the killing, said he intended to kill prisoner, and had borrowed a pistol, expressing such intent, but it did not appear that at the time of the killing the prisoner was informed of such threats of the deceased:

*Held*, That it was not error in the Circuit Judge to refuse a new trial on the ground of this newly discovered evidence.

Criminal law. Threats. New trial. Before Judge Strozer. Dougherty Superior Court. June Term, 1873.

Gus Peterson was tried and convicted of the offense of murder at the June adjourned term, 1872, of Dougherty Superior Court. He moved for a new trial, the motion was overruled, and the case brought by writ of error to this Court, where the judgment was affirmed: See 47 *Georgia Reports*, 524. At the June term, 1873, of Dougherty Superior Court, he petitioned substantially, as follows:

Since the last regular term of this Court, he has discovered that he can prove by one Eli Outlaw that the deceased, John Sims, four days previous to the homicide, tried to borrow a pistol to use on petitioner and threatened to kill him; that at several times and to different persons, he made similar threats. These declarations and threats of deceased, if heard by the jury, would have shown his *animus* and motives at the

Peterson *vs.* The State of Georgia.

time of the killing, and would have explained his eagerness to engage in combat. This evidence was unknown to petitioner or his counsel at the time of his trial and the motion for a new trial. He and his counsel have not been wanting in the necessary diligence. Prays that a rule *nisi* may issue, requiring the State to show cause why a new trial should not be granted.

This petition was supported by the affidavits of the witness, and of petitioner's counsel.

The Court refused to order the rule *nisi* to issue, and petitioner excepted.

D. H. POPE, WILLIAM E. SMITH, LYON & IRVIN, for plaintiff in error.

B. B. BOWER, Solictor General, for the State.

McCAY, Judge.

There is nothing in the original record of the evidence on the trial of this case to make this newly discovered evidence of such significance as to authorize a new trial. There is no pretense that it would *justify* a verdict of justifiable homicide, since the defendant did not know of it at the time, and could not have done the killing through any fears aroused by his knowledge of it. Nor does the evidence show any such overt acts of the deceased at the time of the killing, as this evidence would illustrate. In *Keener's case,* 18 *Georgia,* where evidence of this character was held admissible, there was much in the deceased's conduct, during the day, and just before the killing, which the evidence of threats would have strikingly illustrated. The Keener case carries the question of the admissibility of such testimony to the point of extreme liberality, and is difficult to reconcile with *Howell's case,* 5 *Georgia,* and *Monroe's case,* 5 *Georgia.* We do not feel authorized to go any further in the direction of the Keener case than its terms require. See *Hoye's case,* 39 *Georgia.* The proof, on the trial of the prisoner, who now asks for a new

trial, shows no act of assault by the deceased, or any indication of such an intent.   His coming to the door and out to the point where he was killed, was at the invitation of the prisoner, and after language of the prisoner from which even expressed malice, evidenced by threats, appears.   Nor does the evidence show the least act on the part of the deceased authorizing a belief in the prisoner that the deceased intended violence, but rather the contrary.

There is entirely too reckless a disregard of human life in the land, and we would be false to the high trust committed to us, should we relax the rules that experience, has laid down for the discovery of the truth in such cases through any mawkish sympathy for the man slayer.   A stern, though kind enforcement of the law, is the only protection society has, and the times require the ministers of justice to be true to the demands of the law upon the guilty.   It is not sufficient to reduce a killing from murder to manslaughter, that hot words have passed between the parties, that the passions of the man slayer were aroused by "threats, menances or contemptuous gestures."   There is, it is true, no remedy, if a jury, under their right to judge of the law and the facts, shall say by their verdict that the case is not murder, but something less, or even nothing.   But the law is definitely set forth in the Code; and it is the duty of the Courts, who are only judges of the law, to enforce it.

Judgment affirmed.