## DICKEY & COMPANY *vs.* LEONARD.

The declaration in this case contained no cause of action. It is neither an action of debt nor one of *assumpsit.* It does not allege that the plaintiffs relied on the promise or undertaking of the defendant, and were thus induced to part with their money to the bank of which the defendant was assistant cashier. As an action for dam-

Dickey & Company *vs.* Leonard.

ages on account of fraud, it was fatally defective in not alleging that the plaintiffs acted or parted with their money by reason of the fraud or fraudulent acts and conduct of the defendant.

(*a.*) The fact that the defendant was the assistant cashier of a bank which was insolvent when the plaintiffs purchased certain drafts from it, would not render such assistant cashier liable to the plaintiffs for a fraud, on the ground that he was bound to know that the bank was insolvent and to communicate that fact to the plaintiffs.

October 12, 1886.

Actions. Pleadings. Banks. Principal and Agent. Before Judge VAN EPPS. City Court of Atlanta. March Term, 1886.

J. L. Dickey & Company brought suit against Henry C. Leonard for $358.85. The body of the declaration was as follows:

" On the 5th day of April, 1881, the said defendant was assistant cashier of the Citizens' Bank of Georgia, the same being an incorporated bank under the laws of Georgia, doing business and located at Atlanta, doing a general banking business in said city of Atlanta, and among other things selling exchange on the city of New York. And whereas also your petitioners were merchants in the city of Atlanta aforesaid, and by the usages and necessities of their business were compelled to transmit money to their creditors in New York, Boston, Cincinnati and other cities where they were in the habit of making purchases; and your petitioners, having confidence in the solvency of said bank, and in the integrity of the assistant cashier thereof, the said defendant, did purchase from said defendant certain drafts or foreign bills of exchange, as follows, as assistant cashier of the Citizens' Bank of Georgia."

Then follows a description of the drafts, with an allegation as to each, that it was presented and payment refused because the Citizens' Bank did not have in the bank on which it was drawn sufficient funds to pay such draft.

" And your petitioners do further aver that all of the foregoing described drafts were drawn and issued by the aforesaid H. C. Leonard, the defendant in this action; and your petitioners do also aver that the said defendant, when he sold and issued said drafts to your petitioners, undertook and promised that said Citizens' Bank of Georgia was solvent and would remain so until said drafts were paid; and also that the said defendant undertook and promised that the said Citizens' Bank

did have in the Mercantile National Bank of New York sufficient funds to pay said drafts when they should be, presented in due course of business to said bank for payment; which promises and undertaking of the said defendant were untrue and false and fraudulent, and did deceive and defraud your petitioners.

"And your petitioners further aver that the said defendant well knew that said Citizens' Bank of Georgia was insolvent at the time he sold and issued said drafts to your petitioners. And your petitioners also aver that the said defendant knew that there would not be sufficient funds of the Citizens' Bank of Georgia in said Mercantile National Bank of New York to pay said drafts when presented, at the time he issued and sold said drafts to your petitioners, and did deceive and defraud your petitioners. By reason of the premises, said drafts being unpaid, were returned to your petitioners by the payees, and your petitioners were compelled to take up said drafts, paying the full amount thereof to said payees.' All of said drafts and certificates of protest of the same are hereto attached and filed in court.

"Wherefore, by reason of the premises, and the several undertakings, and the manifold frauds of the said defendant, he became liable to pay your petitioners the full amount of said drafts and interest, protest fees and costs and five' hundred dollars as damages to your petitioners; all of which the said defendant refuses to pay."

On general demurrer, the case was dismissed, and the plaintiffs excepted.

REUBEN ARNOLD, for plaintiffs in error.

CANDLER, THOMSON & CANDLER, for defendants.

BLANDFORD, Justice.

The declaration of plaintiffs in error was demurred to as containing no cause of action. The court sustained the demurrer and dismissed the action, and this is excepted to and is the only ground of error.

The action is not an action of debt; it is not brought in the debet or the debtinet. A debt is a sum of money due on a certain and express agreement. Black. Com., 154. There is no certain or express agreement set forth in the declaration. The action is not that of *assumpsit*. There is no *super se assumpsit* set forth or alleged. It is true the declaration alleges that the defendant undertook and

promised plaintiffs that the Citizens' Bank had money in certain banks in New York, and that the drafts which the plaintiffs bought would be promptly paid; but it does not allege that the plaintiffs, relying on this promise and undertaking, were thus induced to part with their money to the bank; so we think that the declaration is bad as an action of *assumpsit.*

But it is said by the counsel for plaintiff in error that the action is for damages on account of the fraud of defendant; but it is fatally defective in this view, because it nowhere alleges that plaintiff acted and parted with his money by reason of the fraud or fraudulent acts and conduct of the defendant. It is quite manifest that the pleader founded his action upon the fact that the defendant was the assistant cashier of the " Citizens' Bank ; " that the bank was insolvent when they purchased the drafts, and that thereby the assistant cashier was bound in law to know the bank was insolvent, and to communicate that fact to plaintiffs, and having failed to do so, he, the assistant cashier, was liable to them as for a fraud. We do not concur in this view of the counsel for plaintiff in error; to state the proposition is to argue it.

Judgment affirmed.

HALL, Justice, concurred, but furnished no written opinion.

JACKSON, Chief Justice, concurring.

The statute of this state requiring only that the declaration plainly and distinctly set forth the cause of action, I concur in the judgment because no measure of damages is laid in the declaration. That measure is the money paid for the drafts with interest, not the amount of the drafts. The defect in failing to set out the amount of money paid for the drafts is fatal to the declaration. If that had been alleged, it would have been a good action on the case under the act of 1799.