RAHN *v.* HAMILTON; *et vice versa.*

HILL, J. 1. There can be no legal adoption of a minor child (or adult person) in this State, except as provided in the Civil Code of 1910, §§ 3016 et seq. Accordingly, where the granduncle of the plaintiff and of her brother (plaintiff in another suit) asked their mother, "Do you mean for me to have those children?" and the mother replied, "Yes. sir, I do," and the uncle said, "Don't you never fret nor worry about these little children; never no more. I will be a father for those children; they are my own children, my own flesh and blood;" and he said, "As far as that goes, I will die by it. . . Daughter, remember this: I am more able to take care of those children than you are, and I mean to do it. . . When this old head is laid in the sod, there will be a god's plenty left behind for them," and "Remember that, daughter, will you?" and she replied: "Yes, uncle, I will;" and she testified that that was why she "happened to surrender the children to him;" and where the children were taken by the uncle to his home, maintained, and sent to school until his death, which occurred over two years later,—this and other evidence of a similar import did not constitute a legal adoption of the children, so that they could inherit from the decedent's estate.

2. Where the uncle died leaving a widow as his sole heir at law, and the plaintiff (eleven years thereafter) upon arriving at age brought an action to be declared to have been adopted by the decedent in his lifetime, and to be entitled to inherit a third undivided interest in his estate, and to recover the same from the widow of the decedent (who had administered on his estate, and receipted to herself as administratrix for the entire estate on the ground that she as his widow was his sole heir at law), and where the evidence on the trial of the case failed to show any such legal adoption of the plaintiff by the decedent as

would entitle her to recover, and where there was no allegation of any contract between the decedent or his widow and the plaintiff, or evidence to show that the plaintiff rendered services to the decedent in his lifetime in pursuance of a contract and that a fraud would be perpetrated upon the plaintiff unless the contract was performed, or such other facts as would create an equitable status, so as to bring the case within the ruling in *Crawford* v. *Wilson,* 139 *Ga.* 654 (78 S. E. 30, 44 L. R. A. (N. S.) 773), the court did not err in directing a verdict for the defendant. See *Lansdell* v. *Lansdell,* 144 *Ga.* 571 (87 S. E. 782).

3. The verdict for the defendant being demanded by the evidence, exceptions to the admission and rejection of certain evidence will not require a new trial. Some of the objections were not properly made. In one instance it did not appear what grounds of objection were urged at the time of the trial. In another it was stated broadly that the court ruled that any testimony of the plaintiff as to any transaction or conversation of the deceased, Cooper, would be incompetent, on the ground that the defendant was a representative of the estate of the decedent. It was insisted that the defendant did not take the estate as the representative of the decedent, but administered on it, and receipted herself as administratrix of the estate on the ground that she, as widow, was the sole heir at law. In still another instance counsel for the plaintiff offered to show that counsel for defendant had, sometime previous to the trial, talked to a witness, and, learning what the witness would testify, told him not to say anything about it, and if he was needed he would be sent for. The witness was introduced by the other side, and testified. Even if the evidence contended for was admissible, under the plaintiff's evidence she could not recover, and the rulings on the questions of evidence will not require a new trial.

4. The judgment on the main bill of exceptions being *affirmed,* the cross-bill of exceptions is *dismissed.*

> *All the Justices concur, except Fish, C. J., absent.*

JANUARY 16, 1916. REHEARING DENIED FEBRUARY 29, 1916.

Equitable petition. Before Judge Charlton. Chatham superior court. January 25, 1915.

*George W. Owens,* for plaintiff.

*James R. Cain, R. R. Richards,* and *Adams & Adams,* for defendant.