9067.  BRANCH *et al. v.* AMERICAN AGRICULTURAL CHEMICAL CO.

WADE, C. J.  1. Where the defendant admits a prima facie case in favor of the plaintiff, and sets up an affirmative defense, such as a plea of confession and avoidance, he assumes the burden of establishing a *complete* defense.  Civil Code (1910), § 5746; *Hawkins* v. *Davie,* 136 *Ga.* 550, 552 (71 S. E. 873); *Red Cypress Lumber Co.* v. *Perry,* 118 *Ga.* 876 (2) (45 S. E. 674).

(*a*) The execution of the note and mortgage, the basis of the instant suit, and the possession thereof by the plaintiff, being admitted, the burden was upon the defendants to prove *every essential element* of their defense.

2. It being admitted that the note and mortgage were in the possession of the plaintiff, who introduced the same in evidence, the presumption arises that the plaintiff was in lawful possession, and the onus was on the defendants to rebut this presumption.  See *Cox* v. *Adams,* 2 *Ga.* 160 (2).

3. The only question raised by the record which commands our attention is whether or not the court erred in directing a verdict in favor of plaintiff.  Applying the preceding elementary principles, the court did not err in so directing, since, the onus standing as it did, a finding in favor of the plaintiff was demanded by the evidence.

(*a*) It is true that the evidence was in conflict as to whether or not there was a condition attached to the delivery of the note and mortgage to the plaintiff's agent, but this did not make it mandatory upon the trial judge to submit the case to a jury, since this was insufficient to constitute a *complete* defense to the suit, in the absence of proof (the burden being upon the defendants not only to prove the existence of said condition but also the breach thereof) that the condition attached to said delivery was in fact breached.

(*b*) The burden of showing that the condition attached to the delivery of the note and mortgage was breached was not carried by evidence to that effect from only two of the three defendants, since it was absolutely and obviously necessary that *all three defendants* should negative the presumption that the said condition was complied with, especially in view of direct positive evidence on the part of the plaintiff that the plaintiff had complied with said condition.

> *Judgment affirmed.  Jenkins and Luke, JJ., concur.*
> DECIDED MARCH 14, 1918.

Mortgage foreclosure; from Worth superior court—Judge Eve. June 11, 1917.

*R. S. Foy,* for plaintiffs in error.

*Claude Payton, Pope & Bennet,* contra.