28357. NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY *v.* FISCHEL.

DECIDED MAY 31, 1940.

*William F. Buchanan, Ben Anderson*, for plaintiff in error.
*G. Seals Aiken*, contra.

FELTON, J. This was a suit on an insurance policy issued upon the life of Mrs. Mattie J. Fischel, instituted by Lucile G. Fischel,

beneficiary, against the National Life and Accident Insurance Company. The company's defense was that the insured, in her application, had wilfully concealed the fact that she was pregnant at the time of the application by answering in the negative the question therein as to whether she was pregnant. The jury found for the plaintiff the face amount of the policy, and the defendant excepted to the overruling of its motion for new trial.

1. It was not error for the court to charge the jury that if the agent of the company had actual knowledge that the insured was pregnant at the time of the application the plaintiff could recover despite the fact that the insured misrepresented the fact of pregnancy. The reason urged by the company as to why this was error is that the evidence showed only constructive notice. The evidence, if credible, authorized the finding that the insured's condition and appearance showed that she was pregnant. When direct evidence is not attainable, actual knowledge can be proved by circumstances which will admit of no reasonable conclusion other than that the party who asserts his ignorance of a fact actually knew it. *Wiley v. Rome Insurance Co.,* 12 *Ga. App.* 186 (76 S. E. 1067). We do not agree to the contention that the agent could not possibly have had actual knowledge, from observation, of the pregnancy because he had never previously seen the insured.

2. There is no merit in the contention that submitting the issue stated above was error for the reason that the policy provided that it contained the entire agreement, and that nobody but the president and secretary of the company could alter the contract. Such a provision in a policy (and not in an application) refers to changes, waivers, etc., subsequently to the issuance of the policy. *Metropolitan Life Insurance Co.* v. *Hale,* 177 *Ga.* 632 (170 S. E. 875).

3. There is no merit in the contention that the court erred in charging the jury that the defendant contended that the applicant did not truly represent the state of her health, and that she knew she was pregnant and concealed the fact. The defendant did not contend that the insured misrepresented the state of her health, but the sole question submitted to the jury on the question whether the insured did misrepresent the state of her health was whether she was pregnant and whether she misrepresented that fact. The charge was not misleading, confusing, or prejudicial in any way.

4. The charge authorizing a finding for the plaintiff unless the

jury found that the insured, in her application, had fraudulently concealed material facts *with the intention of defrauding the insurance company,* was error requiring the grant of a new trial. The wilful misrepresentation of a material fact, if done with a view to procuring insurance, is a legal fraud even if not done for the purpose of prejudicing the rights of the insurance company, provided of course the company had no knowledge of the fact and was not estopped to assert the falsity. *Northwestern Life Insurance Co.* v. *Montgomery,* 116 *Ga.* 799 (43 S. E. 79). If there is anything to the contrary in *Gulf Life Insurance Co.* v. *LeCroy,* 181 *Ga.* 243 (182 S. E. 378), the older ruling in the *Montgomery* case, supra, must govern, neither being a unanimous decision.

5. The sixth assignment of error is insufficient. Miss Frances Fischel, a daughter of the insured, testified that her mother weighed 125 pounds and "stuck away out" in her stomach. She further stated that "anybody that used their eyes could tell the woman was in that condition." The attorney for the insurance company moved to rule out "what anybody could tell." No grounds of objection to the testimony or of the motion to rule it out were given when the motion was made, and they can not be urged in this court for the first time. The court erred in overruling the motion for new trial, because of the error shown in division 4.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*