### 37942. PENINSULAR LIFE INSURANCE COMPANY
### v. SCREEN.

GARDNER, Presiding Judge. 1. This case alleges non-payment of an insurance claim. The record discloses that a policy of insurance was issued to the insured; that prior thereto an application for the insurance was procured by an agent of the defendant insurance company; that the claimant could neither read nor write; that the claimant stated in the application that he had no physical or mental defects and that he had had no medical treatments for the past seven years. The record discloses that this application was not attached to or made a part of the policy, but it was admitted into evidence. The evidence shows that the claimant had been treated by a physician but that he had been assured by the physician that "you are getting along fine" and that this assurance by the physician was the reason the claimant did not mention the matter to the insurance agent about the visit to the physician.

We have noted and are bringing into consideration the answer of the defendant insurance company.

On trial, the jury returned a verdict in favor of the claimant. The denial of a motion for judgment notwithstanding the verdict is the only question to be determined by this court.

In order for false representations to void a policy of insurance, such representations must be fraudulent. See *Interstate Life &c. Co.* v. *Bess,* 35 *Ga. App.* 723 (1) (134 S. E. 804). In *Guaranty Life Ins. Co.* v. *Johnson,* 60 *Ga. App.* 292, 294 (3 S. E. 2d 773) this court said: "Fraudulent intent consists in making the misstatement with knowledge of its falsity and that it was made for the purpose of procuring the insurance." In *Metropolitan Life Ins. Co.* v. *Joye,* 77 *Ga. App.* 357, 362 (48 S. E. 2d 751) this court held that in cases where the application is attached to and made a part of the policy and false statements and representations are contained in such applications resulting in increased risk, a recovery on the policy may be defeated on such grounds whether the statements and representations were made in good faith or fraudulently. Many cases were cited in support of this principle of law. There the court charged that in order to defeat liability under a policy on account of misrepresentation, it must be shown first, that the statements made were material to the accept-

ance of the risk; second, that the representation was false; and third, that the representation was made with intent to defraud. Fraudulent intent was not proved in the instant case. In *National Life &c. Ins. Co.* v. *Camp*, 77 *Ga. App.* 667 (49 S. E. 2d 670) this court held: "In this action on a life-insurance policy, the burden was on the defendant to show that the representations made by the insured in his application were material, untrue, and fraudulent, the application not being attached to or made a part of the policy; and since the defendant failed to carry this burden, the judgment for the plaintiff was authorized."

The cases cited by counsel for the insurance carrier, where applications were attached to and made a part of the policy, are not applicable to the facts of the instant case.

2. Insofar as the charge of fraud in this case is predicated on the fact that the insured misstated his age, there was no evidence to substantiate this defense. Insofar as it is predicated on the fact that the plaintiff stated in his application that he was in good health and had no physical or mental defects, the case of *National Life &c. Ins. Co.* v. *Camp*, 77 *Ga. App.* 667, supra, is controlling that it was a jury question whether the plaintiff believed himself to be in sound health at the time the application was made. This leaves the question of whether, on the issue of fraud, a verdict would have been demanded for the insurance company by proof that the plaintiff stated he had not consulted a physician for five years when the record shows he consulted the eye doctor five times between February 10, and April 7, 1956, and was informed he had a disease of the eye and might go blind, before taking out the insurance on August 20, 1956. As to this question the case is controlled by *National Life &c. Ins. Co.* v. *Fischel*, 62 *Ga. App.* 645 (4) (9 S. E. 2d 192) holding that the wilful misrepresentation of a material fact, if done with a view to procuring insurance, is a fraud even if not done for the purpose of prejudicing the rights of the company. The fact is obviously material because the doctor was treating the insured for the very disease upon which the present claim is founded — glaucoma, resulting in loss of vision. The visits are so close in point of time to the application dated August 7, 1956, the last visit being four months prior to the date of the application that, in the absence of any testimony explaining

why the insured answered "no" to the question whether he had consulted a physician, or any testimony that he in fact did not do so, the application having been filled in by another, the misstatement must be assumed to be wilful.

It follows that since no fraud in the procurement of the policy was proved, and since the insurance company let opportunities pass to determine the past physical condition of the claimant who had glaucoma, an internationally known, progressive disease of the eye, the insurance carrier cannot rely on the allegation that fraud was used in procuring the policy.

3. However, the difference between such an action where the application is attached to and made a part of the contract of insurance, and an action where it is not so attached, is that in the former case the action is on a covenant in the contract; in the latter case the defendant seeks to avoid the contract on account of fraud in the procurement. After pointing out the distinction in *Johnson v. American Nat. Life Ins. Co.*, 134 *Ga.* 800, 802 (68 S. E. 731), the court stated: "But this does not exclude an insurance company from showing that the policy was procured by fraud and misrepresentation. To consider the application as a part of the contract of insurance, and as forming a warranty or covenant, treats the policy as a valid contract and sets up one of its terms. To seek to set aside or repudiate the policy as having been obtained by fraud is to set up that there was no valid and binding contract of insurance. The two things are entirely different." The elements of the fraud are set out in *Northwestern Life Ins. Co. v. Montgomery*, 116 *Ga.* 799 (2) (43 S. E. 79) as follows: "Where it is shown that a material statement made in such application was false, that its falsity was known to the insured at the time it was made, that it was made with a view to procuring the insurance, that the company had no notice of its falsity, and *that the company acted upon it to its injury*, the law will conclusively presume an intent to deceive, and a case of actual fraud will be made out, although the insured may not have really intended to prejudice the rights of the company." (Italics ours.) In *Lawler v. Life Ins. Co.*, 91 *Ga. App.* 443 (85 S. E. 2d 814) it was held that the trial court erred in directing a verdict for the insurance company where one of the elements of actual fraud, i.e., reliance by the defendant on the false statements, was

not proved. The same is true in this case. The stipulation of facts sets out that the insurance policy was issued "pursuant" to the application but does not state, nor is there elsewhere in the record any proof that it was issued in reliance on the false statements therein contained to the effect that the plaintiff had not, for a period of five years prior to making the application, been attended by a physician. This being the case a verdict in favor of the defendant was not demanded by the evidence, and the trial court properly denied the motion for a judgment notwithstanding the verdict.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED OCTOBER 15, 1959—REHEARING DENIED NOVEMBER 13, 1959.

*Custer & Kirbo, Charles H. Kirbo,* for plaintiff in error.
*Randolph O. Jones,* contra.