## 39961. DARBY v. INTERSTATE LIFE & ACCIDENT INSURANCE COMPANY.

DECIDED FEBRUARY 26, 1963.

*Howard T. Oliver, Jr.*, for plaintiff in error.

*Wheeler, Robinson & Thompson, B. Carl Buice*, contra.

EBERHARDT, Judge. ■ Where an insurance company seeks to invoke an exclusion contained in its policy, it has the burden of showing that the facts came within the exclusion. *Gaynor v. Travelers Ins. Co.*, 12 Ga. App. 601 (5) (77 SE 1072). Thus, in the case sub judice, when the insurance company, in defense to plaintiff's action, contended that the insured was intentionally shot by one Davis, the burden was on it to show that such was the case. In Davis' affidavit he asserted that he "meant to shoot him [the insured] because he said he had a gun and reached into his pocket." The facts established by this affidavit are sufficient to carry the burden and to pierce the pleadings and, nothing else appearing, would also be sufficient to entitle defendant to a summary judgment.

■ Does any "material issue of fact" remain? *Code Ann.* § 110-1201. Plaintiff filed affidavits in support of her motion and in opposition to defendant's. These affidavits establish nothing to contradict the Davis affidavit other than to set out that someone other than the affiant testified on Davis' commitment hearing that no gun was found near the body of the deceased. Therefore, the only matter that may appear as to why the defendant's summary judgment should not be affirmed would seem to be the question of the credibility of Davis in the light of his possible self-interest in making the affidavit.

The question of the credibility of witnesses and the related right of cross-examination is a murky area of the summary judgment law with conflicting concepts in hostile array. Cases like this, having as an essential factor the state of mind or intent of a person, are difficult of solution. However, this issue was not raised in the trial court, as it might have been, under *Code Ann.* § 110-1206, which procedure would have invoked the court's discretion. *McCarty v. National Life &c. Ins. Co.*, 107 Ga. App. 178 (129 SE2d 408); Accord: 6 Moore, Federal Practice (2d Ed. 1953) p. 2344, § 56.24. This failure would not bar the trial court from denying a summary judgment, since denial is never appealable, but plaintiff cannot wait until the case reaches this level before raising the issue. Dyer v. McDougall, 201 F2d 264 (2d Cir.); 6 Moore, Federal Practice, supra, at p. 2350, § 56.24; 3 Barron & Holtzoff, Federal Practice & Procedure (1958 Rev.) p. 176, § 1239.

There having been no issue invoked as to the credibility of the witness, the trial court properly granted summary judgment for the defendant on the basis of the affidavit.

■ Since the motion for summary judgment was good, the general demurrer thereto was properly overruled (assuming a general demurrer to a motion for summary judgment would lie).

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*