### 42440. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. WENDLER.

ARGUED NOVEMBER 8, 1966—DECIDED MARCH 10, 1967—
REHEARING DENIED MARCH 23, 1967—

Robert E. Knox, Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher, for appellant.

Albert G. Ingram, Jr., Randall Evans, Jr., for appellee.

FELTON, Chief Judge. The motion for a summary judgment in this case is based solely on the pleadings which is equivalent to a general demurrer to the answer. The answer sets forth a good defense to the action in that sufficient facts are alleged to prove the lack of co-operation by the insured whichever version of the occurrence given by the insured was true. The pleadings were not pierced by affidavits or interrogatories which would remove from the case all justiciable issues. *Cotton States Mut. Ins. Co. v. Martin,* 110 Ga. App. 309, 310 (138 SE2d 433); *Durrett v. Tunno,* 113 Ga. App. 839 (149 SE2d 826). The provision for co-operation is valid, and a failure to co-operate will defeat recovery on the policy. Blashfield's Cyclopedia of Automobile Law and Practice, Vol. 6, Part 2, Section 4059, pp. 71-72; Henderson v. Rochester American Ins. Co., 254 N.C. 329 (118 SE2d 885). In Home Indemnity Co. of New York v. Standard Acc. Ins. Co. of Detroit, 167 F2d 919, 924 (9 Cir.), it was stated: "Truthfulness seems to be the keystone of the co-operation arch. The insured must tell his insurer the complete truth concerning the accident, and he must stick to this truthful version throughout the proceedings. He must not embarrass or cripple his insurer in its defense against a civil suit arising out of the accident, by switching from one version to another. He must not blow hot and cold to suit his personal convenience." See 8 Appleman, Insurance Law & Practice, 126, 136, 143 §§ 4779, 4782, 4783. *National Union Fire Ins. Co. v. Carmical,* 99 Ga. App. 98 (107 SE2d 700) is clearly distinguish-

able from this case in that in that case the insured gave both versions on the phases of liability to the insurance company before the trial of the case against the insured. In that case the insurance company had both versions before it before the trial of the damage action and had the opportunity to seek an advantageous settlement before the trial. That is not the case here. The insured in this case gave no indication of any error in her statement to the investigator or of any expectation that she would not stand by it until she testified differently on the stand. If she testified truthfully, as we must assume she did, she suppressed the truth until that time, and the suppression of truth is as false and fraudulent as a wilful misrepresentation. *Davis v. Hopkins*, 50 Ga. App. 654 (179 SE 213); *Southern v. Floyd*, 89 Ga. App. 602 (80 SE2d 490).

In the absence of a piercing of the pleadings the court erred in granting the motion for a summary judgment. The records sent up in any other case are irrelevant on the question raised by the appeal and will not be examined or considered by this court.

*Judgment reversed. Bell, P. J., Frankum, P. J., Hall, Eberhardt and Deen, JJ., concur. Jordan, Pannell and Quillian, JJ., dissent.*

PANNELL, Judge, dissenting. The majority opinion, after correctly stating the question at issue (that is, does the answer set forth a good defense as against a general demurrer?) then proceeds to decide the case ignoring all the rules applicable to such determination. The majority holding might be summarized by extracting two sentences therefrom: "The answer sets forth a good defense to the action in that sufficient facts are alleged to prove the lack of co-operation by the insured whichever version of the occurrence given by the insured was true." And, "if she testified truthfully [on the trial] as we must assume she did, she suppressed the truth until that time, and the suppression of truth is as false and fraudulent as a wilful misrepresentation."

In so far as the answer is concerned it alleges that she fraudulently testified. We agree with the majority that this does not constitute an allegation that she swore falsely at the trial and

we must presume she swore truthfully; but where does the majority find any allegation that her statement to the insurance company during the investigation was untrue or false? There are no allegations to this effect. The majority reached the *conclusion* that if she testified truthfully, then her statement to the investigator was untrue, but we are not here deciding questions of fact and authorized inferences arising therefrom; we are deciding a case based upon pleadings where the *facts alleged must demand the inference favorable to the pleader* and if the inferences are not demanded, the only inferences which can be indulged in by this court are those *unfavorable* to the pleader. *Krueger v. MacDonald,* 148 Ga. 429 (1) (96 SE 867).

Even should we concede that the statement to the investigator is untrue, there is no allegation it was wilfully or knowingly untrue or false. This is a requisite in all of the cases I have read including the case cited by the majority (Home Indemnity Co. of N. Y. v. Standard Accident Ins. Co., 167 F2d 919 (9 Cir.)). This case contains the following quotations from other cases used by that court to sustain the statement quoted from that case in the majority opinion here. ". . . A co-operation clause binds the insured to the exercise of good faith and when he speaks concerning the facts of the accident it must be to tell the truth. To *wilfully* misstate or conceal facts in such a case is clearly not co-operation or assistance; it is exactly the opposite." (Emphasis supplied.) Quoted from Valladao v. Fireman's Fund Indemnity Co., 13 Cal.2d 322, 333 (89 P2d 643). "The company is entitled, however, to an honest statement by the insured of the pertinent circumstances surrounding the accident, as he remembers them. Lacking that, the company is deprived of the opportunity to negotiate a settlement, or to defend upon the solid ground of fact. *Nothing is more dangerous than a client who deliberately falsifies the facts.* (Emphasis supplied)." Quoted from Buffalo v. United States Fidelity & Guaranty Co., 84 F2d 883, 885 (10 Cir.). If the answer had alleged that the insured knowingly swore falsely at the trial, it would set forth a defense. It might also have set forth a good defense if it had alleged, instead, that the insured

knowingly made a false statement to the investigator. It alleged neither.

While I agree with the majority that the case of *National Union Fire Ins. Co. v. Carmical,* 99 Ga. App. 98 (107 SE2d 700) is different factually from the case before us, it is my opinion that some of the rulings therein contained, in discussing the law applicable to co-operation clauses generally, are appropriate, applicable, and controlling here. I quote from that case as follows, in discussing and quoting from the case of Rockmiss v. N. J. Mfrs. Ass'n. F. Ins. Co., 112 N. J. L. 136, 140 (169 A 663): "It was held that the fact that the insured gave conflicting statements to the insurer, the first of which exculpated the insured from blame, and the second tended to place liability upon him, was not a 'failure to co-operate.' 'The insured is not accused of collusion with respondent in an effort to impose a fraudulent claim upon the insurer. It is not claimed that his second statement is tainted with falsity. On the contrary, appellants contend that they suffered detriment and injury by reason of the untruthful version of the occurrence given in the first statement. . . His [first] version of the occurrence . . . tended to exculpate him from negligence. It cannot be said that this denotes a failure to co-operate. . . Rather the reverse is the case. The insured thereby evinced a willingness and purpose to co-operate with and assist the insurer in resisting the claims for damages asserted by plaintiff. . . The conduct complained of is not within the letter or spirit of this clause of the contracts. If appellants' construction be adopted, the policyholder who denied negligence, and persisted in the denial until found guilty by a jury, would furnish grounds for avoidance. An adverse verdict would work a forfeiture. . . It is a firmly established rule of construction that policies of insurance will be liberally construed to uphold the contract, and conditions contained in them which create forfeitures will be construed most strongly against the insurer and will never be extended beyond the strict words of the policy. The court will never seek for a construction of a forfeiture clause in a policy which will sustain it, if one which will defeat it is reasonably deducible from the terms and words used to express it.'

".  .  . Under the view expressed in this case, 'failure to co-operate' which voids the policy must be limited to actions intended to be beneficial to the opposite side, and does not include a too enthusiastic resistance of the action, the effect of which would be to relieve the insurer of liability.

"If absolute accuracy and complete consistency be made the standard of co-operation, the insurer's promise to defend actions of a particular nature brought against the insured can be voided in nearly every instance.  The insured may overlook a fact, that when taken into consideration demands that in giving a truthful account of the matter, he change his original statement. The treachery of memory has been recognized in the fiction and history of the ages, and many a truthful man unwittingly tells what but for a failure of recollection he would know to be false.  Thus the fact that the insured withdraws a statement and gives another inconsistent does not necessarily mean he was conscious that the first was untruthful when it was made."

Under these circumstances, I cannot say that the answer of the appellant, if true, will meet the requirements of that decision.  There is no charge that either statement was wilfully or consciously untruthful, particularly the testimony at the trial.  I reach the conclusion, therefore, that the ruling applicable here could be stated as follows: where an insurance company, based upon the failure of the insured to co-operate with the company because of a difference between the statement of the insured to the company and what the insured swore upon the trial of the case, seeks to avoid the payment of a judgment rendered against its insured as a result of alleged negligence in an automobile collision, it must show not only that there was a substantial variance such as would manifestly affect the defense of the case, but it must also appear that the insured wilfully and knowingly swore falsely.

The answer here fails to meet the requirement of intentional falsity, and in my opinion, the trial judge correctly and properly granted a summary judgment for the plaintiff.

I am authorized to state that Judge Jordan and Judge Quillian concur in this dissent.