44585.   STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY v. WENDLER.

ARGUED JULY 7, 1969—DECIDED NOVEMBER 21, 1969—
REHEARING DENIED DECEMBER 18, 1969—

*Robert E. Knox, Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher,* for appellant.

*Randall Evans, Jr., Albert Ingram,* for appellee.

QUILLIAN, Judge. ■ On the first appearance of this case the court held: "The answer sets forth a good defense to the action in that sufficient facts are alleged to prove the lack of co-operation by the insured whichever version of the occurrence given by the insured was true." *State Farm Mut. Auto. Ins. Co. v. Wendler,* 115 Ga. App. 452, 455, supra. State Farm contends that this establishes the fact that there was a material change in the version its insured gave State Farm and that to which she testified on the trial; as a result, upon its introduction of evidence to that effect its defense as to a breach of the co-operation clause of the policy was established and thus the evidence demanded a verdict and judgment for it.

We cannot agree with this contention. There is a serious doubt whether a variance between prior statements and testimony absent any showing of fraud would constitute a failure to comply with the co-operation clause. *National Union Fire Ins. Co. v. Carmical,* 99 Ga. App. 98 (107 SE2d 700). See Anno., Liability Insurance—Co-operation, 34 ALR2d 264. Moreover, by amendment the defendant alleged that the sworn testimony given by its insured was wilfully and consciously given and was fraudulently given to help the plaintiff. There was no evidence to support this allegation. Of course, as was recognized in *State Farm Mut. Auto. Ins. Co. v. Wendler,* 115 Ga. App. 452, 456, supra, absent any showing to the contrary, we must assume the insured testified truthfully on the trial of the case. See *American Mut. Liab. Ins. Co. v. Gunter,* 74 Ga. App. 500, 515 (40 SE2d 394).

This court did make the following statement: "If she testified truthfully, as we must assume she did, she suppressed the truth until that time, and the suppression of truth is as false and fraudulent as a wilful misrepresentation." *State Farm Mut. Auto. Ins. Co. v. Wendler,* 115 Ga. App. 452, 456, supra. We therefore also consider the case from this posture; to wit, that the insured's statements prior to the trial were false.

One of the prerequisites of fraud as often listed by cited authority is: that the injured party must have relied on the fraudulent statement. *Alpha Kappa Psi Bldg. Corp. v. Kennedy,* 90 Ga. App. 587, 591 (83 SE2d 580); *Doanes v. Nalley Chevrolet, Inc.,* 105 Ga. App. 846, 847 (125 SE2d 717); *Dickey & Co. v. Leonard,* 77 Ga. 151. Here the answer alleged that, based upon the description of the accident first given by the insured, the defendant determined that the facts did not present a case of negligence on the insured's part and decided to defend the plaintiff's claim. This, of course, shows reliance. However, the evidence shows nothing more than that the defendant entered into the defense of its insured and went to trial. In such circumstances the case of *Lawler v. Life Ins. Co. of Ga.,* 91 Ga. App. 443, 446 (85 SE2d 814), would be directly analogous. In that case involving a misrepresentation by the insured on a life insurance policy, the court held that there was "no evidence whatever to the effect that the insurance company relied on the fraudulent misrepresentations in reinstating the policy of insurance. There is no presumption and no required inference that the company relied on the misrepresentations contained in the application for reinstatement made by the insured from the mere fact that the application was filed and the policy reinstated." See also *Peninsular Life Ins. Co. v. Screen,* 100 Ga. App. 670, 672 (112 SE2d 174). Thus, it could not be presumed that State Farm relied on the prior statement of its insured in making a determination as to whether to defend against the plaintiff's claim.

The burden was upon State Farm in asserting an affirmative defense to establish all the material elements thereof. *Branch v. American Agri. Chem. Co.,* 22 Ga. App. 52 (1) (95 SE 476); *Whitley v. Wilson,* 90 Ga. App. 16, 17 (81 SE2d 877); *Darby*

*v. Interstate Life &c. Ins. Co.,* 107 Ga. App. 409 (130 SE2d 360). Having failed to do so, the plaintiff was as a matter of law entitled to a verdict and judgment and the various enumerations of error by the defendant relative to the sufficiency of the evidence are without merit.

■ The trial judge overruled the plaintiff's motion for directed verdict made at the close of the evidence. No exception was taken to this ruling. *Code Ann.* § 81A-160 (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240) provides, in certain circumstances, for the abolition of the "law of the case" rule. Nevertheless, as pointed out in *Hill v. Willis,* 224 Ga. 263, 268 (161 SE2d 281), the law of the case rule still pertains insofar as the appellate courts are concerned where rulings of the trial judge are unexcepted to. Thus, it might appear that insofar as questions pertaining to the sufficiency of the evidence are concerned the law of the case was established as to the evidence presenting a jury question.

However, this would not affect the application of the time honored rule, predicated on the harmless error theory, that assignments of error relative to the exclusion or admission of certain evidence or the failure to charge or errors in a charge are immaterial and without merit where the evidence demands a verdict (*Merck v. American Freehold Land Mtg. Co.,* 79 Ga. 213 (4) (7 SE 265); *Rahn v. Hamilton,* 144 Ga. 644 (3) (87 SE 1061)) or the alleged errors do not bear upon the crucial issue and would not serve to change the result. *Green v. East Tenn. &c. R. Co.,* 37 Ga. 456, 458; *Peterson v. State,* 50 Ga. 142 (2); *Church of God v. City of Dalton,* 216 Ga. 659, 662 (119 SE2d 11). Thus, the remaining enumerations of error are without merit.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Pannell and Whitman, JJ., concur. Hall, P. J., Eberhardt and Deen, JJ., dissent. Evans, J., disqualified.*

HALL, Presiding Judge, dissenting. In my opinion we cannot hold as a matter of law that a verdict was demanded for the insured. On the contrary, I think it was a question for the jury.

The majority opinion is in effect a rejection of *State Farm Mut. Ins. Co. v. Wendler,* 115 Ga. App. 452 (154 SE2d 772) and

the adoption of the dissenting opinion in that case. Even if I thought the dissenting opinion in that case was correct (which I do not), I would still be bound by the majority opinion under the doctrine of the law of the case.

It is the law of the case that the insurer's answer was a good defense on the ground of "failure to co-operate." The answer alleged that the insured testified under oath one way before the previous trial and another way under oath at that trial. These allegations were proved at the trial sub judice although the insured attempted to give an explanation. The basis for the earlier opinion, which is the law of the case, was "If she testified truthfully, as we must assume she did, she suppressed the truth until that time, and the suppression of truth is as false and fraudulent as a wilful misrepresentation." P. 456. The majority opinion seeks to rely upon *National Union Fire Ins. Co. v. Carmical*, 99 Ga. App. 98 (107 SE2d 700), yet it is the law of the case that *National* is distinguishable. *Wendler*, supra, p. 456.

The majority opinion then says that in any event it was further alleged by amendment that the sworn testimony given by its insured was wilfully, consciously and fraudulently given and that there is no evidence to support this allegation. This is wrong for two reasons. First, the allegation of wilfulness and fraudulence is just another defense in addition to the one (conflicting statements) which had already been held to be a good defense. By proving the first defense the second could be considered surplusage. Second, I think there was a jury question as to whether the insurer proved the defense that the insured's testimony was wilful and fraudulent. It is the law of the case that "the suppression of truth is as false and fraudulent as a wilful misrepresentation." Can a person swear under oath "unwilfully"? Can a person swear under oath "unconsciously"? The majority opinion says there is no proof of reliance by the insurer. I disagree. The testimony shows that the insurer did in fact rely thereon. The insured adhered to her written statement and to her sworn answers made to the interrogatories on the day of the trial and up to the time she testified. Immediately after she testified to a different version of the occurrence, she was personally served with a written notice from the in-

surer's attorneys that the insurer would continue to provide her with a defense to the suit under an express reservation of its rights to deny coverage under the policy. The reason given was her lack of co-operation in making contradictory statements as to the true manner in which the accident occurred. The notice also stated the insurer would continue to rely upon the non-waiver agreement she had previously executed.

In my opinion this court errs in holding as a matter of law that the evidence demands a verdict for the insured and therefore it is unnecessary to pass upon the remaining enumeration of errors.

I am authorized to state that Judges Eberhardt and Deen concur in this dissent.