64436. HUBACHER v. VOLKSWAGEN CENTRAL, INC.
64437. LAWHON et al. v. HUBACHER.

SOGNIER, Judge.

On August 21, 1979, Dan N. and Lee Ann Lawhon purchased a 1978 Volkswagen Scirocco from Volkswagen Central, Inc. Volkswagen Central had on July 26, 1979, purchased the vehicle from an individual who had acquired it from a salvage dealer and repaired it. At the time of the purchase Lawhorn signed an Acknowledgement of Disclosure by Dealer of Damage to Motor Vehicle, indicating that the vehicle had received damage to both sides (i.e., both doors), a rear quarter panel, and the roof.

On March 20, 1980, Lawhon sold the car to Hubacher without disclosing the damage described in the Acknowledgement. Due to a misunderstanding as to where the certificate of title should be mailed, Hubacher did not receive it until some five weeks after the sale. He then saw that it was stamped, "Rebuilt per Salvage Act, Special." See Ga. Code Ann. § 68-420a (c) (1979 Ga. Laws, p. 1108, eff. July 1, 1979). Hubacher complained to Lawhon, who had not known that the certificate of title was so marked because it had been sent directly to his bank. When Mrs. Lawhon, in whose name the car was

titled, had signed the certificate of title over to Hubacher, she had not looked at the front of it to see the "Rebuilt" stamp.

Hubacher attempted to rescind the sale and to return the vehicle; Lawhon refused the tender. Hubacher then sued the Lawhons for fraud. Approximately one month after Hubacher filed the suit, the vehicle "threw a rod" and ceased to operate.

The Lawhons brought a third-party action against Volkswagen Central, Inc., which they later dismissed. Hubacher amended his complaint to add Volkswagen Central as a defendant. The case was tried and the jury returned a verdict for Hubacher, awarding $5,000 actual damages, $5,000 attorney fees, and $10,000 punitive damages. The trial court subsequently granted Volkswagen Central's motion for judgment notwithstanding the verdict and denied the Lawhons' motion for judgment n.o.v. Hubacher appeals and the Lawhons cross-appeal.

1. Hubacher contends that the trial court erred in granting Volkswagen Central's motion for judgment notwithstanding the verdict because the evidence presented issues of fact for jury determination. We do not agree.

"One of the prerequisites of fraud . . . is: that the injured party must have relied on the fraudulent statement." *State Farm Mutual Automobile Ins. Co. v. Wendler,* 120 Ga. App. 839, 841 (172 SE2d 360) (1969). See also *Hudson v. Venture Industries,* 147 Ga. App. 31, 34 (248 SE2d 9) (1978), affd. 243 Ga. 116 (252 SE2d 606) (1979); *Garbutt Lumber Co. v. Walker,* 6 Ga. App. 189 (1) (64 SE 698) (1909). The evidence showed that Volkswagen Central knew, but failed to disclose to Lawhon, that the vehicle had been wrecked and rebuilt. Assuming that this was a false representation made with scienter (see *City Dodge, Inc. v. Gardner,* 232 Ga. 766, 769, n. 1 (208 SE2d 794) (1974) for the five elements of fraud and deceit in Georgia), it was made to Lawhon only. Hubacher testified that he had no dealings with Volkswagen Central before purchasing the car and that he was not relying on any kind of representations made to him by Volkswagen Central about the car. The evidence established that Lawhon told Hubacher nothing of what Volkswagen Central had disclosed to him about damage to the car. Hubacher testified that he relied entirely upon statements made by Lawhon about the car. Therefore, Hubacher did not rely upon any representations made by Volkswagen Central to Lawhon or to anyone else about the car.

There was no conflict in the evidence concerning Hubacher's reliance on any representations of Volkswagen Central. Since Hubacher failed to present evidence establishing at least one of the essential elements of fraud, Volkswagen Central was entitled to judgment as a matter of law and the trial court did not err in granting

its motion for judgment notwithstanding the verdict. See *Romedy v. Willett Lincoln-Mercury, Inc.,* 136 Ga. App. 67, 68 (220 SE2d 74) (1975). See generally *Ga. Power Co. v. Williams,* 132 Ga. App. 874, 879 (209 SE2d 648) (1974); *Joines v. Shady Acres Trailer Court,* 132 Ga. App. 854, 856 (209 SE2d 268) (1974).

Hubacher relies heavily upon our holding in *Preiser v. Jim Letts Oldsmobile,* 160 Ga. App. 658 (288 SE2d 219) (1981) to argue that he has sufficiently established a case in fraud and deceit against Volkswagen Central. In that case, the buyer sued the automobile dealer and manufacturer, General Motors (GM), after GM disclosed, subsequent to delivery and acceptance, that his Oldsmobile had a Chevrolet engine. Hubacher contends that since GM, which had no direct dealings with the buyer, might still be liable to the buyer in a fraud action, similarly, Volkswagen Central should be liable to Hubacher. We do not dispute that a plaintiff may recover in fraud from a party with whom he has not dealt directly, but whose false and knowing representations have induced reliance and caused damage. See *James v. Crosthwait,* 97 Ga. 673, 677-678 (25 SE 754) (1895); *Lincoln Land Co. v. Palfery,* 130 Ga. App. 407, 412 (203 SE2d 597) (1973). However, the requirements of proof of fraud in such cases are the same as those in cases where the plaintiff dealt directly with the defendant, including proof of the element of reliance. See *State Farm,* 120 Ga. App. at 841, supra. *Preiser* came to this court on appeal after the trial court granted GM's motion for summary judgment. We reversed, because issues of fact remained. In contrast, the instant case comes to us after the trial where the plaintiff, having been put to his proof, has failed to produce evidence on at least one of the essential elements of an action in fraud.

The trial court's granting of Volkswagen Central's motion for judgment notwithstanding the verdict is affirmed.

2. The Lawhons, on cross-appeal, contend throughout their twenty-one enumerations of error that they are entitled to a new trial because the judgment notwithstanding the verdict in favor of Volkswagen Central leaves them shouldering, to their prejudice, the entire liability for actual and punitive damages and attorney fees awarded Hubacher.

"[R]emaining joint tortfeasors are not entitled to a new trial where one of them is adjudged not liable on the merits by a motion for judgment notwithstanding the verdict." *Ammons v. Horton,* 128 Ga. App. 273, 276 (196 SE2d 318) (1973). Despite the Lawhons' assertions to the contrary, the jury found the Lawhons and Volkswagen Central joint tortfeasors, the tort being that of fraud. Unless the Lawhons establish in their enumerations of error that they are entitled on other grounds to a new trial, a new trial will not be granted simply

because their co-defendant was granted judgment n.o.v. Accordingly, the jury's verdict as to the Lawhons' liability to Hubacher for actual damages is unchanged.

However, the award of punitive damages or attorney fees against all defendants cannot stand undisturbed by the judgment notwithstanding the verdict granted to one of the co-defendants. Where fraud and deceit in the sale of an automobile is proved, aggravating circumstances of the alleged tort may authorize a jury to impose punitive damages. *McMichen v. Martin Burks Chevrolet,* 128 Ga. App. 482, 484 (197 SE2d 395) (1973). Such aggravating circumstances may occur either in the act or the intention of the wrongdoer. Code Ann. § 105-2002 (now OCGA § 51-12-5).

"The bad faith which would authorize a recovery of attorney's fees as expenses of litigation is the ... bad faith of the defendant in the transaction out of which the cause of action arose. [Cit.]" *Bankers Health &c. Ins. Co. v. Plumer,* 67 Ga. App. 720, 725-726 (21 SE2d 515) (1942). See also *McMichen,* 128 Ga. App. at 484, supra. "The intention with which an act is done determines whether it is in good or bad faith. [Cit.]" *Atlanta Journal Co. v. Doyal,* 82 Ga. App. 321, 336 (5) (60 SE2d 802) (1950).

The trial court's charges to the jury on both punitive damages and attorney fees permitted the jury to find that the plaintiff was entitled to recover against one or more defendants. The verdict returned by the jury was against all defendants. *Carlson v. Holt,* 152 Ga. App. 95, 96 (1) (262 SE2d 508) (1979). The effect of the granting of Volkswagen Central's motion for judgment n.o.v. is to impose attorney fees and to assess punitive damages that the jury may have based, in whole or in part, upon the acts or intentions of Volkswagen Central.

Therefore, we affirm the judgment against the Lawhons for the actual damages, conditioned upon Hubacher's writing off of punitive damages and attorney fees. Otherwise, the judgment must be reversed and a new trial granted the Lawhons.

3. The Lawhons contend that the trial court erred in not granting their motions for directed verdict and for judgment notwithstanding the verdict. We do not agree.

The Lawhons moved for a directed verdict at the close of all the evidence. " 'Only where there is no conflict and a verdict is demanded as a matter of law is it error for the trial court to fail to direct a verdict.' [Cit.]" *Marriott Corp. v. American Academy,* 157 Ga. App. 497, 498 (1) (277 SE2d 785) (1981). Our review of the transcript shows more than ample evidence on each of the elements required to be proved for a case of fraud and deceit. See *City Dodge,* 232 Ga. at 769, n. 1, supra. The jury could reasonably conclude that the Lawhons

knew that the car had previously been wrecked but represented that it had not been. The jury could also find that the Lawhons made their representations with an intent to induce Hubacher's reliance and that when Hubacher purchased the car, he justifiably relied on the representations to his damage. The evidence was ample and undisputed that Mrs. Lawhon, who was the actual owner of the vehicle, authorized, knew of and approved her husband's actions in selling it to Hubacher. See *Brogdon v. Hallman,* 119 Ga. App. 464 (167 SE2d 673) (1969). The trial court did not err in denying the Lawhons' motion for directed verdict.

Since the evidence adduced at trial authorized the verdict for the plaintiff against the Lawhons, the trial court did not err in denying the Lawhons' motion for judgment notwithstanding the verdict. *Ballenger Corp. v. Dresco Mechanical Contractors,* 156 Ga. App. 425, 429 (II.B.) (274 SE2d 786) (1980); *Gem City Motors v. Minton,* 109 Ga. App. 842, 846 (2) (137 SE2d 522) (1964).

4. In several enumerations, the Lawhons attack the verdict as excessive and unsupported by the evidence. We need only address those contentions pertaining to the award of actual damages, as the issues of punitive damages and attorney fees have been disposed of by the holding in Division 2.

The applicable measure of damages is the difference between the actual value of the automobile at the time of purchase and what the value would have been if the vehicle had been as represented. *Rustin Oldsmobile, Inc. v. Kindricks,* 123 Ga. App. 679, 680 (4) (182 SE2d 178) (1971). Here, there was evidence of the purchase price of the car, the length of time Hubacher operated it, the defects that appeared, and the cost of certain repairs. Opinion evidence, for which an adequate foundation was established, was given as to the actual value of the vehicle based upon its status as a "rebuilt" car and upon its particular defects. The jury's verdict was within the range of the testimony, the evidence was sufficient to afford a basis for a jury decision, and the award was not so excessive of the relief sought as to indicate bias or prejudice on the part of the jury. See *Horne v. Claude Ray Ford Sales,* 162 Ga. App. 329, 330 (3) (290 SE2d 497) (1982); *Murdock v. Godwin,* 154 Ga. App. 824, 827 (269 SE2d 905) (1980); *Rustin Oldsmobile,* 123 Ga. App. at 680 (4), supra; *Jones v. Spindel,* 122 Ga. App. 390, 395 (177 SE2d 187) (1970).

The Lawhons' contentions that the actual damages could not exceed the amount demanded in the complaint are without merit. A claimant may recover a money judgment exceeding the amount claimed if within the range of evidence. *Jones,* 122 Ga. App. at 393, supra.

5. The Lawhons enumerate several errors concerning the trial

court's charges. They first contend that the trial court erred when it excluded their requests to charge, when tendered. We are referred to no specific ruling of the trial court in the record or transcript rejecting the charges, and so must assume that the exclusion was based, as the Lawhons claim, upon a local court rule limiting the time for presenting requests. A copy of the local rule is not before us. However, Code Ann. § 70-207 (b) (now OCGA § 5-5-24(b)) provides that written requests to charge may be presented "at the close of the evidence *or at such earlier time during the trial as the court reasonably directs . . .*" (Emphasis supplied.) The trial court acted within its discretion and the Lawhons have shown no evidence that it abused its discretion. See *Finley v. Griswold,* 149 Ga. App. 612, 615 (255 SE2d 87) (1979).

The Lawhons next contend that the trial court erred in failing to charge on puffing and on the plaintiff's duty to exercise diligence. These issues were covered in the Lawhons' excluded requests to charge. The trial court did not err in failing to give the untimely requests to charge. See *Travelers Indem. Co. v. Cumbie,* 128 Ga. App. 723, 727 (5) (197 SE2d 783) (1973).

The Lawhons next argue that the trial court erred in charging on concealed defect. We do not agree. The charge was an accurate statement of the law *(Batey v. Stone,* 127 Ga. App. 81 (192 SE2d 528) (1972)), and there was sufficient evidence to authorize the charge on this issue. See *Ga.-Carolina Brick &c. Co. v. Brown,* 153 Ga. App. 747, 755 (266 SE2d 531) (1980).

While the Lawhons contend that to charge on negligence was error, the only charge raising an issue of negligence pertained exclusively to Volkswagen Central, and not to them. We fail to see the prejudice to the Lawhons.

The Lawhons' contention that the trial court failed to instruct the jury that a finding of fraud as to each defendant had to precede a finding of liability to the plaintiff is without merit. Also lacking in merit are contentions that the trial court erred or abused its discretion in indicating that counsel's objection to the charges given would be heard "for the record." The Lawhons have not shown that any of the charges objected to were erroneous.

6. Finally, the Lawhons contend that the trial court erred in admitting some, and excluding other, evidence pertaining to the oil problems of the vehicle and the thrown rod. The Lawhons first contend that evidence that the car "threw a rod" some four months after Hubacher purchased it lacks relevancy because there was no evidence to suggest that the Lawhons knew or should have known that the car would throw the rod. Evidence on the ultimate cause of the thrown rod and apparent oil defect was conflicting. However, our

review of the transcript shows that there was some evidence to connect the thrown rod and oil problems with the undisclosed damage to the vehicle. This was sufficient to authorize the jury to find that the thrown rod was a manifestation of the damage to the vehicle when it was wrecked, whether or not the Lawhons knew that this particular defect might arise.

The trial court did not err in excluding a copy of the complaint against Volkswagen of America, Inc. and Volkswagenwerk Aktiengesellschaft issued by the Federal Trade Commission. Although the contents of the complaint, which pertained to oil defects in many Volkswagen automobiles, would have been favorable to the Lawhons, nevertheless, "[i]t is basic that unsworn allegations are not evidence, . . ." *Heavey v. Security Management Co.,* 129 Ga. App. 83, 84 (198 SE2d 694) (1973).

Nor did the trial court err in excluding testimony in the deposition of the individual who repaired the vehicle in which he speculated, without personal knowledge, as to how the damage to the car actually occurred. The court otherwise permitted the witness' testimony concerning the seriousness of the damage to the car.

The judgment against the Lawhons is affirmed with direction that the appellee, Hubacher, write off the amounts of punitive damages and attorney fees within 30 days from the receipt of the remittitur in this case; otherwise the judgment is reversed and a new trial is granted to the Lawhons.

*Judgment affirmed in case no. 64436. Judgment affirmed with direction in case no. 64437. Pope, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED DECEMBER 1, 1982 —
REHEARINGS DENIED DECEMBER 13 AND 16, 1982.

*W. Carl Reynolds, Katherine L. McArthur, Charles M. Cork III,* for appellant (case no. 64436).

*O. Hale Almand, Jr., W. Terrell Wingfield, Jr.,* for appellee (case no. 64436).

*Michael C. Ford,* for appellants (case no. 64437).

*W. Carl Reynolds, Katherine L. McArthur, Charles M. Cork III,* for appellee (case no. 64437).